EGBERT CRIPPEN et al., Appellants, *v.* BURTON G. MORSS, Respondent.

|  |  |
|---|---|
| 49 | 63 |
| 117 | 446 |
| 49 | 63 |
| 122 | 98 |
| 49 | 63 |
| 150 | 149 |

The acts and declarations of one of several owners of a water-power in the presence and hearing of the others as to their relative rights is competent evidence, as against one claiming under either.

Where a witness, in answer to a proper question which is objected to, gives testimony, not called for by it, which is incompetent, but no objection is made to the answer or motion to strike it out, it cannot be objected to upon review.

One tenant in common cannot, by his sole act, create an easement in the premises held in common.   Nor can a tenant in common, who owns other premises in severalty, so use the last as to acquire or exercise, for the benefit thereof, an easement in the property held in common ; and he cannot, by grant or by operation of an estoppel or otherwise, confer upon another rights and privileges which he does not himself possess.  (*Lampman* v. *Milks*, 21 N. Y., 505, distinguished.)

Where, therefore, a tenant in common, in a grant of premises held by him in severalty, has attempted to create an easement in the premises held in common, a subsequent grantee of all the tenants in common is not estopped by the fact of his succeeding to the interest of the one who granted the easement from asserting, as a grantee of the co-tenants, the invalidity of the grant of the easement, and as against him it is void.

(Argued February 27th, 1872; decided April 2d, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the sixth judicial district, affirming a judgment in favor of the defendant entered upon a verdict.

The plaintiffs, who were tenants in common, each owning an undivided half of a grist-mill on the Schenevus creek, brought this action to recover damages for the overflowing of their lands and injury to their water-power by a dam erected by Amos H. Brown and continued by the defendant at his tannery on the stream below them.

In the year 1847, Brown was the owner of the land sixty or eighty rods below the grist-mill, and erected on it a tannery and built the dam complained of, which flowed water back upon the grist-mill property, and continued to own the tannery and dam till April 15th, 1857, when he made a general assignment of all his property to Chase for the benefit of creditors; and on the 27th July, 1857, Chase conveyed to the defendant, who has since kept up the dam.

At the time Brown erected the tannery and dam below the grist-mill, he was the owner and in possession of an undivided half of the grist-mill property, which continued in Brown till it passed to Chase under the general assignment of April 15th, 1857.

The undivided half not conveyed to Chase, under his assignment from Brown, had been successively owned by different persons; and when Chase conveyed to the defendant and until April, 1861, was owned by Crippen, and then Crippen conveyed his undivided share to Jennings. In the spring of 1862 Crippen purchased the interest of Chase. The property then belonged to Crippen and Jennings till April 1st, 1865, when Jennings conveyed his half to Crippen. Crippen afterward sold an undivided half to Lane.

At the time Brown built the tannery and dam the undivided half of the grist-mill property not owned by him was owned by Philo Benedict, and John Howe owned the surplus water at the grist-mill, which he used at his saw-mill. And on the trial, Brown, as a witness for defendant, was questioned as to what Howe said and did in the presence and

hearing of all the parties interested as to the height to which Brown might build his dam.

The questions were objected to and objections overruled. Other facts appear in the opinion.

*Amasa J. Parker* for appellants. The creation of the dam and tannery by Brown could not affect the rights of the owner of the other undivided half of the grist-mill property or his grantees. (1 Chitty's Pl., 53 ; *Sedgworth* v. *Overend,* 7 Durn. & East, 279 ; *Hutchinson* v. *Chase,* 39 Me., 508 ; *Odiome* v. *Lyford,* 9 N. H., 502 ; *Great Falls* v. *Martin,* 15 N. H., 412 ; 3 Kent's Com., 436 ; 2 Hilliard's Abr., 118 ; *May* v. *Parker,* 12 Pick., 34 ; Washburn on Easements, 29 ; *Portmore* v. *Bunn,* 3 Dowl. & Ryland, 145 ; *Collins* v. *Prentice,* 15 Conn., 423 ; *Marshall* v. *Trumbull,* 28 id., 183 ; *Watkins* v. *Peck,* 13 N. H., 360, 381 ; *Bartlett* v. *Harlow,* 12 Mass., 348 ; Domat's Civil Law, Cush. ed., § 1035 ; Louis. Civil Code, art. 734 ; 3 Tonilier Droit Civil Fr., 418, 420 ; Lalaure Traite des Servitudes Reelles, 38.) The easement claimed is not mentioned in and did not pass by the deed. (*Tabor* v. *Bradley,* 2 Bosw., 546 ; affirmed, 18 N. Y., 109 ; *Randall* v. *McLaughlin,* 10 Allen, 366 ; *Ammidown* v. *Granite Bank,* 8 id., 285.)

*N. C. Moak* for respondent. The acts and declarations of a party in possession of lands, as to the nature and extent of his interest, are competent evidence against any person claiming under him. (*Waring* v. *Warren,* 1 Johns., 340 ; *Jackson* v. *Bard,* 4 id., 230 ; *Jackson* v. *Call,* 10 id., 377 ; *Jackson* v. *Ogden,* 4 id., 140 ; *Pitts* v. *Wilder,* 1 N. Y., 525.) A new trial should not be granted for the admission of improper evidence where the court cannot see that the evidence had any bearing upon the issue, and could not possibly have had any influence upon the verdict. (1 Duer, 412 ; 16 Johns., 90 ; 3 Cow., 618 ; 1 Comst., 519 ; 2 id., 193 ; *Ashley* v. *Marshall,* 29 N. Y., 494, 503.) Brown having created the burden complained of upon the grist-mill property, for the benefit and previous to the conveyance of the tannery property, neither

he nor his grantees can deprive the latter property of the benefit thereof. (*Lampman* v. *Milks,* 21 N. Y., 505; *Simmons* v. *Cloonan,* 2 Lans., 364, 351, 352; *Watts* v. *Kelson,* Law Rep., 6 Chy. App., 166; *Arnold* v. *Hudson River R. R.,* 49 Barb., 120; *Thomson* v. *Waterlow,* Law Rep., 6 Eq., 36; *Langley* v. *Hammond,* id., 3 Exch., 161; *Polden* v. *Bastard,* 1 Q. B., 156, 161; *Nicholas* v. *Chamberlain,* Cro. Jac., 121; *Suffield* v. *Brown,* 12 Wakly Rep., 356; *Pyer* v. *Carter,* 1 H. & N., 916; *Wardle* v. *Brocklehurst,* 1 E. & E., 1058.) A grant passes everything necessary to its enjoyment as it then exists. (*C. M. Co.* v. *Whittier,* 10 N. H., 305; *Stackpole* v. *Curtis,* 32 Me., 383; *Babcock* v. *Utter,* 1 Keyes, 408, 427, 429; 4 Am. Law Rev., 50; Kerr on Inj., 392, 1st Eng. ed.; Washburne on Easements, 309–311, marg. p.; *Hurd* v. *Curtis,* 7 Metc., 94; *Frey* v. *Witman,* 7 Penn. St., 440; *Crosby* v. *Bradbury,* 2 Apple. [20 Me.], 61, 65–67; *Gibson* v. *Brockway,* 8 N. H., 465; 2 Hilliard on Real Property, 358; *Provost* v. *Calder,* 2 Wend., 517; *Oakley* v. *Stanley,* 5 Wend., 523.) Plaintiffs claimed under a party who conveyed defendant's property to him in the condition he was then using them. Plaintiffs would have been restrained from injunction from interfering with this right (*Watts* v. *Kelson,* Law Rep., 8 Chy. App., 173), and defendant was entitled to partition, awarding to him the portion necessary for the use of his property. (1 Sto. Eq. Jur., 9th ed., § 656 *b; Green* v. *Putnam,* 1 Barb., 501, 509; *Hitchcock* v. *Skinner,* Hoff., 21; *Story* v. *Johnson,* 1 Young & Col. Exch. Eq., 547, 548; *Green* v. *Putnam,* 1 Barb., 509; 1 Sto. Eq. Jur., 9th ed., § 656 *c; Green* v. *Putnam,* 1 Barb., 501, 509.) One tenant in common may exercise and grant a right to flow the lands owned in common if his co-tenant expressly or impliedly consents. (39 Me., 514.) A parol partition between tenants in common, followed by possession, however short, is valid. (*Wood* v. *Fleet,* 36 N. Y., 503, 504; *Otis* v. *Cusick,* 43 Barb., 546; *Hunt* v. *Johnson,* 19 N. Y., 296, 297.) The court was not asked to instruct the jury that plaintiffs were entitled to recover for an injury to the undivided one-half not claimed

from Chase; it cannot now be alleged as error. (*Winchell* v *Hicks*, 18 N. Y., 558; *O'Niel* v. *James*, 43 id., 85; *Taylor* v. *Atlantic, etc.*, 37 id., 283.) If the repairs of the dam did not raise the waters higher than before, no action would lie. (*Hynds* v. *Shultz*, 39 Barb., 600.)

FOLGER, J. 1st. The trial court did not err in the admission of testimony. The question which was ruled upon by the court and permitted, called for the act and declaration of Howe, in the presence of Benedict and Brown. As Brown, Benedict and Howe were all interested in the use of the water of this stream, it was competent to show what either of them said or did as to their relative rights, in the presence and hearing of the others.

The witness did, it is true, after the ruling of the court admitting the question, give testimony which was not called for by it; he did state what Howe said and did when Benedict was not present. The court, however, did not at any stage of the trial hold that the testimony was admissible. No objection was made to it by the plaintiffs; no motion was made to strike it out of the case after it was given.

Of course, it cannot be objected to on review.

2d. The respondent places his defence of this action upon the principle contained in *Lampman* v. *Milks* (21 N. Y., 505). We have lately recognized the soundness of this principle. (*Simmons* v. *Cloonan*, 47 N. Y., 3; *Curtis* v. *Ayrault*, id., 73.) And had Brown or Chase, the grantors of the defendant, been the owner in severalty of the grist-mill property, *Lampman* v. *Milks* would have been a controlling authority in this case. But Brown was, and so was Chase after him, only a tenant in common of that property, owning but an equal undivided half part of it. No one can by his sole act, even by his express grant, create an easement in premises of which he owns no more than a right held in common with others. (*Marshall* v. *Trumbull*, 28 Conn., 183.) The language of some of the cases is to the extent that the grant is void, and that no interest passes.

(*Adam* v. *Briggs Iron Co.*, 7 Cush., 361, 368–370. And see 3 Kent,* 460; Washburne on Easements and Servitudes, 37,* 29.) It needs not to go to that extent. Doubtless the grant is void as to tenants in common, and no interest passes which can be used adversely to them.

Nor can a tenant in common of property, who owns other premises in severalty, so use the last as to acquire or exercise for the benefit of his premises owned in severalty, an easement in the property held in common. (*Great Falls Co.* v. *Worster*, 15 N. H., 412, 459, 460.) He cannot by grant, or by operation of an estoppel, or otherwise, confer upon another rights and privileges which he did not have himself. The most that can be claimed for such grant, or act of the owner, is that it may operate by way of estoppel against him and his heirs, and those claiming under him. (*Adam* v. *Briggs, etc., supra*, 368, 369.)

It follows then, that the defendant by the deeds to him acquired no right to back water upon the wheel of the grist-mill, to the injury of the plaintiffs as the owners of that undivided half part of the grist-mill property which they acquired other than by conveyance from Chase. As to them, or the grantees of them, as tenants in common with Brown or with Chase, the conveyance to the defendant, so far as under other circumstances it might operate to create an easement in the grist-mill property, is void; and as to one equal undivided half thereof, they are not affected by it. Even if it shall operate in favor of the defendant to estop the plaintiffs as the successors in interest of Chase; as to the one equal undivided half part of the premises derived from Chase, it is void, as before stated.

In an action by them, relying upon their title derived from the co-tenants of Chase, it cannot be set up against them. That share has come to them unincumbered. (*Collins* v. *Prentice*, 15 Conn., 426.)

If they were now the owners of that half only, they could sue for the injury to it committed by the defendant. (*Odiorne* v. *Lyford*, 9 N. H., 502; *Blanchard* v. *Baker*, 8

Greenl., 253; *Beach* v. *Child*, 13 Wend., 343.) Nor does it interfere with their right of action that they have succeeded to the ownership of the one-half part, equal and undivided, which was once of Chase, the grantor of the defendant. Conceding that they might, as being in their turn the grantees of Chase, be estopped by his deed to the defendant, that deed so far as it attempts by the circumstances attending its execution, to create an easement in the grist-mill property, is void as to them as the grantees of the co-tenants of Chase, and as against them as such passes no interest.

Nor can the defendant raise any technical objection as to parties. For though tenants in common must join in action to recover for injuries to the realty (*De Puy* v. *Strong*, 37 N. Y., 372), yet an objection on the score of non-joinder must be raised by demurrer if the facts appear from the complaint, or by answer if it be necessary to allege other facts than those averred by the complaint. (Id.)

Inasmuch then, as the charge of the court to the jury instructed them in effect, that the grant from Chase to the defendant was a warrant to him for the continuance of any structure as it existed at the time of the execution thereof, though such structure did affect injuriously, and but for that grant illegally, the property of the plaintiffs; there was error therein.

3d. There was not shown on the trial such state of facts as raised for the defendant the defence of the statute of limitation now set up for him.

This action was commenced, as is conceded by his counsel, on the 14th June, 1867. The acts complained of were not commenced earlier than the year 1847; but whether before or after the 14th day of June in that year, is not shown. We are not called upon to presume that they were before that day; the more especially, as it is not apparent that this point was made in the courts below.

For the error in the instructions to the jury, the judgment

·of the court below should be reversed, and a new trial granted, with costs to abide the event of the action.

All concur.

. Judgment reversed.