### *In re* PALMER'S WILL.

(*Supreme Court, General Term, Fourth Department.* April, 1889.)

1. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.
     One who is appointed trustee to carry out the provisions of a will has not such an interest in a proceeding to revoke probate as will disqualify him under Code Civil Proc. N. Y. § 829, from testifying as to personal transactions with testator.

2. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.
     A non-expert witness, in such a proceeding, may be asked whether conversations of testator to which he has testified were rational, intelligent, and business-like, and if, upon the witness replying that testator was rational—just as he always was —and sound as ever, no motion is made to strike out the answer, as not responsive, or as improper, the admission of the evidence will not be noticed on appeal.

Appeal from surrogate's court, Tioga county.

Emma G. Bostwick and others filed their petition for the revocation of the probate of the will and codicil of Lewis Palmer, deceased. The probate being confirmed, they appeal. Code Civil Proc. N. Y. § 829, provides that no party to, or person interested in the event of, any action or special proceeding shall be examined as a witness touching any personal transaction or communication had with a person, since deceased, against the executor, heir, etc., or any person claiming under the decedent.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Mead & Darrow,* for appellants.  *C. A. & H. A. Clark,* for respondents.

MARTIN, J.  The will and codicil of Lewis Palmer were duly admitted to probate by the surrogate's court of Tioga county on the 21st day of April, 1884. On the 5th of January, 1885, a proceeding under the provisions of ar-

ticle 2, tit. 3, c. 18, of the Code of Civil Procedure was instituted before said court for the revocation of the probate of said will and codicil. A trial was had, which resulted in a decree confirming the probate of both. From that decree this appeal was taken. The appellants claim that the court erred in permitting Dr. Cady, who was a subscribing witness to the codicil, to testify to personal transactions with the testator, as the witness had been appointed a trustee under said will by the surrogate's court, and was therefore interested, and an incompetent witness under section 829 of the Code. We do not think this claim can be upheld. We think the evidence was proper. *In re Chase*, 41 Hun, 203, and cases cited in opinions.

It is also claimed by the appellants that a lay witness was allowed, under objection, to testify that the decedent was of sound mind. The facts as shown by the case hardly justify that claim. The witness Clapp was asked whether the conversations and conduct of the decedent to which the witness had testified were rational, intelligent, and business-like, or otherwise. This was objected to, and the objection overruled. The witness answered that he was rational—just as he always was—and sound as ever. There was no objection to the answer, and no motion to strike it out. The question was proper; and, if the answer was not responsive or was improper, the appellants should have moved to strike it out; and, having failed, they cannot object to it on review. *Crippen* v. *Morss*, 49 N. Y. 63. There are many other exceptions to which our attention has been called by the appellants, and which have been considered by us, but we have found no other exception that would seem to require discussion, and none that would justify a reversal of the decree appealed from. We have examined the whole evidence in this case; are satisfied that it was amply sufficient to sustain the decision of the learned surrogate, and that none of the rulings on the admission or rejection of evidence were necessarily prejudicial to the appellants; and hence the decree appealed from should be affirmed. Code Civil Proc. § 2545; *In re Smith*, 95 N Y. 517, 527; *In re Morgan*, 104 N. Y. 75, 9 N. E. Rep. 861. Decree affirmed, with costs. All concur.