WILLIAM S. LARRISON, Respondent, v. BENJAMIN N. PAYNE, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Evidence. Objection.*—An objection to the qualification of a witness, is not sufficient to raise the question of the competency or admissibility of his testimony.

2. *Same. Improper answer.*—The admission of an answer, not responsive, to which no objection, or motion to strike out, was made, cannot be objected to on review.

3. *Same. Breach of warranty.*—Where, in an action for breach of warranty on the sale of an engine, one ground of failure to comply was in the smallness of the spark arrester, evidence tending to show its sufficiency, and the kind used on the engines, with which the one sold had been compared on a trial to determine its compliance with the warranty, is admissible.

4. *Same.*—Evidence to show its operation after its repair and before its return to plaintiff, shortly before the trial of the engine, is admissible, where the defendant was not present at such trial.

5. *Same. Admission.*—The statement of a party as to any fact in issue, or relevant to any issue, is admissible as primary evidence against the person by whom it is made.

Appeal from a judgment entered upon the report of a referee.

*E. F. Babcock,* for appellants.

*H. H. Rockwell,* for respondent.

MARTIN, J.—This action was to recover $500 paid on a

contract for the purchase of an engine and boiler. On the trial, the referee found that the plaintiff ordered a portable engine and boiler of the defendants, to be manufactured by them for the plaintiff for the price of $500, which was paid by him; that the defendants warranted it, and agreed that if it did not fulfill the warranty, it might be returned, and the money paid therefor should be refunded; that the engine was not as warranted; that it was returned, and he held that the plaintiff was entitled to recover the sum paid. There seems to be evidence which tends to support these findings: but the more serious questions arise from the rulings as to the admission and rejection of evidence.

On the trial, the witness Rightmire was asked the following question: "From your observation of this engine, are you able to state whether or not it was a safe machine to have round a farm barn for the purpose of threshing? Answer yes or no." This was objected to by the plaintiff, on the sole ground "that the witness is not shown to be an expert." Upon this objection being interposed, the referee said: "I don't think it calls for the opinion of an expert. I will receive it." To this the defendant excepted, and the witness answered: "Not, in my judgment, no sir; I think it isn't." No motion was made to strike out the answer of the witness.

The defendants now claim "the plaintiff had no right to prove the conclusion of the witness as to the character of the the engine for safety or danger." The difficulty with this contention is, that there is no objection or exception which raises that question. It will be observed that the objection was not directed to the competency or admissibility of the evidence, but to the qualification of the witness. The question was directed solely to the ability of the witness to state a certain fact, and did not call for the fact itself. But it may be said that the answer was improper. If we admit this, and that it was not responsive to the question, still, as there was no objection to the answer, or motion to strike it

out, it cannot be objected to on review. Crippen *v.* Morss, 49 N. Y. 63. We do not think this exception well taken.

One of the particulars in which the referee found that the engine did not comply with the warranty was that the spark arrester was two small. Hence, the question of its sufficiency was one of the questions at issue. The defendants offered to prove that if the spark arrester was in good condition, it would arrest sparks as well as any spark arrester upon any engine used for farm or agricultural purposes, the purpose for which the engine in question was purchased and designed. This evidence was excluded by the referee as incompetent and improper. The defendants also sought to prove the kind of spark arresters used on the Westinghouse and Masillon engines with which the plaintiff compared the engine sold on a trial to determine if it fulfilled the defendants' warranty. This evidence was excluded as incompetent and immaterial. We do not see how these rulings can be sustained. We think the evidence was clearly admissible as bearing upon the question of the sufficiency of the spark arrester, and upon its sufficiency as compared with those engines used on the comparative trial, had to determine the merits of the engine sold.

The defendant also sought to show the operation of the engine in question after it was repaired, and before it was retaken by the plaintiff, in regard to throwing sparks, and this was excluded on the ground that it was incompetent and immaterial and not in the presence of the plaintiff. This we think was error. The defendants, not having been present at the trial of the engine, must have had a right to show its condition as to throwing sparks immediately before it was taken by the plaintiff, and shortly before such trial was had.

The defendants also sought to prove by the witnesses, Ribble and Squires, the admissions of the plaintiff in defendants' favor as to the engine in question. This evidence was

excluded, and the defendants were only permitted to prove the admissions of the plaintiff for the purpose of contradicting him as a witness. In other words, the defendants were only allowed to prove the admissions of a party for the purpose of affecting his credibility as a witness. That the statements of a party as to any fact in issue, or a statement which is relevant to any issue, is admissible as primary evidence against the person by whom it is made, is one of the elementary principles of the law of evidence, and so well settled that no authorities need be cited.

We cannot say that the defendants were uninjured by the exclusion of this evidence, and it therefore, follows that the judgment must be reversed.

Judgment reversed on the exceptions, and a new trial ordered before another referee, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concur.