In the Matter of LEWIS PALMER, Deceased. EMMA G. BOSTWICK, Appellant *v.* JOHN C. GRAY, Respondent.

*N. Y. Supreme Court, Fourth Department, General Term, May* 12, 1889.

1. *Witness. Section* 829.—A subscribing witness to a codicil, by an appointment as trustee under the will by the surrogate's court, is not rendered incompetent under section 829 of the Code, to testify to personal transactions with the testator.
2. *Evidence. Objection.*—An improper or irresponsive answer to a proper question, without objection or motion to strike out, cannot be objected to on review.
3. *Review. Probate of Will.*—Where the general term has examined the whole evidence in probate proceedings, and is satisfied that it is amply sufficient to sustain the decision of the Surrogate, and that none of his rulings on the admission or rejection of evidence are necessarily prejudicial to the appellant, the decree should be affirmed.

Appeal from a decree of surrogate's court confirming the former probate of the will and codicil.

*Mead & Darrow*, for appellants.

*C. A. and H. A. Clark*, for respondents.

MARTIN, J.—The will and codicil of Lewis Palmer were duly admitted to probate by the surrogate's court of Tioga county on the 21st day of April, 1884. On the 5th of January, 1885, a proceeding under the provisions of article 2, of title 3, of chapter 18, of the Code of Civil Procedure, was instituted before said court for the revocation of the probate of said will and codicil. A trial was had, which resulted in a decree confirming the probate of both. From that decree this appeal was taken.

The appellants claim that the court erred in permitting Dr. Cady, who was a subscribing witness to the codicil, to testify to personal transactions with the testator, as the witness had been appointed a trustee under said will by the surrogate's court, and was therefore interested, and an incompetent witness under section 829 of the Code. We do not think this claim can be upheld. We think the evidence was proper. Matter of Chase, 41 Hun, 203, and cases cited in opinions.

It is also claimed by the appellants that a lay witness was allowed, under objection, to testify that the decedent was of sound mind. The facts, as shown by the case, hardly justify that claim. The witness Clapp was asked whether the conversations and conduct of the decedent, to which the witness had testified, were rational, intelligent and business-like or otherwise. This was objected to and the objection overruled. The witness answered that he was rational, just as he always was, and sound as ever. There was no objection to the answer and no motion to strike it out. The question was proper, and if the answer was not responsive, or was improper, the appellants should have moved to strike

it out, and having failed, they cannot object to it on review. Crippen *v.* Morss, 49 N. Y. 63.

There are many other exceptions to which our attention has been called by the appellants, and which have been considered by us, but we have found no other exceptions that would seem to require discussion, and none that would justify a reversal of the decree appealed from.   We have examined the whole evidence in this case, are satisfied that it was amply sufficient to sustain the decision of the learned surrogate, and that none of the rulings on the admission or rejection of evidence were necessarily prejudicial to the appellants, and hence the decree appealed from should be affirmed.   Code Civil Procedure § 2545 ; Matter of the Will of Smith, 95 N. Y. 517, 527 ; Matter of Morgan, 104 Id. 75.

Decree affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concur.