MARY S. EDRIDGE, RESPONDENT, *v.* THE ROCHESTER CITY AND BRIGHTON RAILROAD COMPANY, APPELLANT.

*Estoppel — grant by the owner of an undivided half of premises of a right to lay railroad tracks in front thereof — right of the grantor, on acquiring the remaining half, to prevent such use of the street.*

The owner of a one undivided half interest in premises, abutting upon a street upon which the tracks of a horse railroad company were laid, granted to such company the right to occupy with its road any portion of the street. Such owner subsequently acquired from her co-tenant the other undivided half interest in this property and brought an action to restrain the completion and use of a switch which the railroad company had constructed on the street in front of the premises.

*Held,* that the grant of the right to the company by such owner, at the time when she owned a half interest in the premises, did not estop her, subsequent to her acquiring the other half interest in the premises, from denying the right of the company to appropriate the portion of the street in question.

That she could not grant what she did not own at the time that the deed was made; and that, having subsequently acquired such ownership of the other half, she was entitled to assert it as against the grant made by her prior to her acquisition of the entire property.

APPEAL by the defendant from a judgment entered, on the decision of the Monroe Special Term, in the office of the clerk of Monroe county, on March 19, 1888, restraining the defendant from laying down additional tracks in Court street in the city of Rochester.

*Thomas Raines,* for the appellant.

*David Hays,* for the respondent.

BARKER, P. J.:

The plaintiff being the owner of the premises situate on the south side and bounded by the center of Court street in the city of Rochester, brought this action to restrain the completion and use of a switch which the defendant was proceeding to construct on the southerly side of the center of that street in front of her premises. The relief sought was given by the judgment appealed from. The defendant, a street railroad company, in 1884, constructed its road

along the center line of Court street and through several other streets of the city. With a view to procure the right to do so, the defendant had procured from property owners their assent or grant, in writing, under seal, in form and to the effect that they severally, for value received of the defendant, granted and conveyed to it a right of way in and through Elm street, Chestnut street, James street, Court street, Union street and Gardner Park to Alexander street, by and in front of the lands of said streets, belonging to them wholly or in part, for the purpose of constructing and operating a horse railroad, as authorized by the common council of the city of Rochester. It was so authorized by the common council; and the road has, since its construction, been operated by the defendant. The plaintiff makes, in this action, no objection to the continued operation of the road upon the line as so constructed, but her complaint has relation to a switch, which, in August, 1887, it was proceeding to construct along her premises and on the southerly side of the track as originally laid by the defendant. The fee was in the plaintiff at that place and the defendant had no right, except through that of eminent domain, without her consent to construct the switch there. (*Craig* v. *Rochester City and B. R. R. Co.*, 39 N. Y., 404.)

The contention on the part of the defendant is, that this was accomplished by the grant before mentioned made by the plaintiff. At the time that grant was made the plaintiff had title to only one undivided half of the premises in question as tenant in common with one Shepard, who did not join in or give any consent to the construction of defendant's road in the street. This was the situation until in January, 1887, when the plaintiff took title from Shepard to the other half, and became the sole owner of the premises. The nature of the plaintiff's grant when made, and the legal effect of it upon her right, for the purpose of remedy and relief, at the time she brought this action, requires some consideration. The plaintiff did not, and could not, by her grant, as against her co-tenant, afford to the defendant any right to occupy with its road any portion of the street to which they held the fee, and the grant was void except so far as it might operate by way of estoppel against the grantor. (3 Wash. on Real Prop., m. p., 565; *Crippen* v. *Morss*, 49 N. Y., 63; *Marshall* v. *Trumbull*, 28 Conn., 183; *Adam*

v. *Briggs Iron Co.*, 7 Cush., 361.) At the time the plaintiff made it the defendant acquired no right to construct the switch at the place in question in front of her premises. It is, however, argued by the defendant's counsel, that although the plaintiff may have a remedy at law for injury to the interest subsequently acquired by her, she is not entitled to relief in equity, because of the denial, in her behalf, of the right of the defendant to continue to and operate its railroad track there, would have the effect to destroy her grant, which she should not be permitted to do.

But as the defendant took no easement by the plaintiff's grant when made, and as it contained no warranty, the interest subsequently acquired by the plaintiff in the premises did not, in support of the grant, enure to the benefit of the defendant. A party cannot grant that which he has not at the time the deed is made, but he may be denied the right to assert the invalidity of it for the protection of interests afterwards obtained in the subject of the grant when it has been upon the assurance of enjoyment by the grantee. This rests upon the doctrine of estoppel, which is applied to avoid circuity of action. (*McCrackin* v. *Wright*, 14 Johns., 143; *Jackson* v. *Bradford*, 4 Wend., 622; *Pelletreau* v. *Jackson*, 11 id., 110; *Mickles* v. *Townsend*, 18 N. Y., 575; *Blanchard* v. *Ellis*, 1 Gray, 195; *Clark* v. *Baker*, 14 Cal., 612.)

Inasmuch as the defendant took no easement by force of the grant, and as there is no support for estoppel against the plaintiff upon the principle before stated, it is difficult to see how the plaintiff's grant can furnish any right to the defendant as relates to the interest acquired by her after the instrument was executed, or deny her the right to the equitable relief which she seeks in this action. There is no destruction of any grant produced by such result. The defendant never had any that was effectual to confer any right to appropriate that portion of the street to its use for a railroad. The fact that the plaintiff has since become the sole owner of the premises adds nothing to the right of the defendant in that respect. As the defendant was advised, when that paper was executed by the plaintiff, that she had title to the undivided half only, there is no opportunity to charge her by estoppel *in pais.* Whether any benefit may result to the defendant by way of abatement of compensation by reason of the grant, in the event it should

be compelled to take proceedings to acquire the easement, is not now properly the subject of consideration. That might depend upon the determination of another question, upon which, in the view taken, it is unnecessary now to express an opinion.

Judgment should be affirmed, with costs.

DWIGHT and MACOMBER, JJ., concurred.

Judgment affirmed, with costs.