This suggestion cannot be adopted. When a party calls a witness, he not only vouches for his credibility, but in a sense becomes responsible for his conduct, and, if such witness refuses to answer pertinent questions, then the party calling him must suffer the loss of his entire testimony. Gallagher v. Gallagher, supra.

It is also suggested that the defendant should have applied to the English Court of Chancery for an order directing the witness to answer. It doubtless could have done this, but was not obliged to. Plaintiff had selected this forum for the trial of the action, and defendant was not obliged to go into another jurisdiction for the purpose of enforcing its rights. The witness had refused to answer questions which, under certain aspects of the case, might become material and pertinent on the trial. This was sufficient ground for a motion to suppress the entire deposition (Palmer v. Great Western Ins. Co., 15 Jones & S. 455), and the proper practice was here adopted, which was to move in advance of the trial to suppress the deposition (Wright v. Cabot, 89 N. Y. 570; Vilmar v. Schall, 61 N. Y. 564; Eneback & Bryn v. Thurber, 45 Hun, 589; Hedges v. Williams, 33 Hun, 546).

I think the order appealed from is right, and should be affirmed.

CLARKE, J., concurs.

<hr>

GOGGIN et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. LIMITATION OF ACTIONS—INJURIES TO REAL PROPERTY—ACTIONS—DISABILITY OF INFANT.

Code Civ. Proc. § 375, provides that if a person who might maintain an action to recover real property, or the possession thereof, or make an entry, or interpose a defense or counterclaim founded on title of real property, or the rents or service of the same, is when the title first descends, or cause of action or right of entry first accrues, within the age of 21 years, etc., the time of the disability is not a part of the time limited for the commencement of the action, etc., except that the time limited cannot be extended more than 10 years after the disability ceases. *Held* that, where a tenant in common of certain real estate injured by the operation of an elevated railroad in the street adjacent thereto was about 14 years of age at the time the operation of the road began, his right to sue was not barred until 27 years thereafter.

2. EASEMENTS—ACTIONS—LIMITATIONS.

An abutting property owner is barred of his action for loss of easements of light, air, and access by the construction of an elevated railroad in the street in front of his property, if barred at all, not by the statute of limitation, but by prescription on the theory of a lost deed or grant after adverse use and enjoyment for 20 years; the trespass and injury being continuous.

3. EASEMENTS—PRESCRIPTION.

Where title to property injured by the construction of an elevated railroad in the street in front of it had been continuously held by tenants in common, one of whom, by reason of infancy, had been disqualified to join in a conveyance of the easements of light, air, and access so impaired within a period of 20 years prior to action brought, the presumption of a lost grant could not obtain as to any of the tenants in common; and hence their right to sue was not barred by prescription.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 21.]

4. ESTOPPEL—GRANT—NONJOINDER OF TENANTS.

A grant or release by certain tenants in common of a cause of action for injuries to easements pertaining to the common property, while invalid for nonjoinder of all the tenants in common, may operate by estoppel to bar the rights of the grantors to recover damages for such injuries.

5. SAME—LOST DEEDS—PRESUMPTION.

A party will not be estopped to assert his rights to damages for injuries to easements pertaining to real estate on the presumption of a lost deed arising from mere lapse of time.

Houghton and Laughlin, JJ., dissenting in part.

Appeal from Special Term.

Action by Matthew M. Goggin and others against the Manhattan Railway Company and others. Judgment (54 Misc. Rep. 472, 104 N. Y. Supp. 548) for plaintiff Matthew M. Goggin alone, from which both plaintiffs and defendants appeal. Judgment affirmed on defendants' appeal and reversed on plaintiff's appeal.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Charles H. Strong, for appellants.
Sherill Babcock, for respondents.

SCOTT, J. Plaintiffs and defendant both appeal from the judgment herein, and most unnecessarily present their appeals upon two distinct, but identical, records. The action is the usual abutter's action against an elevated railway. The plaintiffs are tenants in common of the premises known as No. 229 West Broadway, in the city of New York. The court below has found that the erection and operation of the railway has resulted in no loss of rental value, but that it has reduced the fee value, and the judgment in favor of the plaintiff Matthew M. Goggin awards him the customary alternative injunction, unless the defendant shall pay the sum of $600, with interest. He is also awarded costs. As to the other plaintiffs, the court has found that their claims are barred by lapse of time, and as to them the complaint has been dismissed with costs.

The premises effected were owned by one Michael Goggin, who died on November 8, 1865, intestate, and leaving a widow and four children. His widow died in 1901. It is found that her dower was admeasured by parol; but it does not appear when this was done. The operation of the elevated railway in front of the premises began in June, 1878, at which time three of Michael Goggin's children, whose interests are now vested in the plaintiffs other than Matthew M. Goggin, were of full age. Matthew was then 14 years of age, having been born in May, 1864. This action was begun on December 12, 1902. At all times since the commencement of the operation of the railway the property has been owned in common, and Matthew M. Goggin has been one of the tenants in common. Thus it appears that Matthew M. Goggin was under the disability of infancy for seven years after the operation of the road began; that is to say, from June, 1878, until he came of age in May, 1885. Under section 375 of the Code of Civil Procedure, as construed in Howell v. Leavitt, 95 N. Y. 617, he was entitled

to add this period of seven years to the time that his right to sue would have run if he had been an adult when the operation of the road commenced. If he had been an adult, his right to sue would have been barred by prescription in 20 years, or in June, 1898. For seven years he had been under a disability, and his time to sue was thereby extended by seven years, or until June, 1905. He did sue well within that time, and the court below was right in finding that his claim had not been barred by lapse of time. The appeal of plaintiffs, other than Matthew Goggin, presents the question whether or not their right of action can be barred by prescription resting upon the presumption of a grant by them during Matthew's disability. He came of age, as has been said, in 1885, 7 years after the commencement of the operation of the road, and only 17 years before the commencement of this action. During the whole period of his disability, and, indeed, down to the time of trial, he was one of several tenants in common of the property. An abutter is barred of his action for the loss of his easements of light, air, and access, if barred at all, not by the statute of limitations, for the trespass and injury are continuous, but by prescription which rests upon the presumption of a lost deed or grant after adverse use and enjoyment for 20 years. Lewis v. N. Y. & Harlem R. Co., 162 N. Y. 202–223, 56 N. E. 540; Hindley v. Man. R. Co., 185 N. Y. 353, 78 N. E. 276. No actual grant or release was shown to have been executed by either of the plaintiffs, and, if they (other than Matthew) are to be held barred of their action, it can only be upon the presumption that at some time after the operation of the road was commenced, and more than 20 years before their action was begun, they made a valid, effectual grant of the easements which the defendant appropriated. Manifestly, if they were incapable of making such a grant, no such presumption can be indulged in. It is well settled that one tenant in common, or any number less than all, cannot grant an easement over the common property, or release an easement which is appurtenant to it. "No one can by his sole act, even by his express grant, create an easement in premises of which he holds no more than a right to hold in common with others." Crippen v. Morss, 49 N. Y. 63–67; Washburn on Easements (4th Ed.) p. 46; 3 Kent's Comm. 436; Herbert on Prescription, 73, 74; Gibbons on Prescription, 225; Jones on Easements, § 224. It follows, therefore, that there can be no presumption that a valid, effectual grant of the easements appurtenant to the plaintiff's property was made while Matthew Goggin, one of the tenants in common, rested under the disability of infancy. Edridge v. Rochester City & B. R. Company, 54 Hun, 194, 7 N. Y. Supp. 439; Watkins v. Peck, 13 N. H. 360–381, 40 Am. Dec. 156; 2 Wash. on Real Prop. (4th Ed.) p. 302; Wash. on Easements, p. 180; Thompson v. Gaillard, 3 Rich. Law (S. C.) 418, 45 Am. Dec. 778; Freeman on Co-tenancy (2d Ed.) § 185; Faysoux v. Prather, 1 Nott & McC. (S. C.) 289, 9 Am. Dec. 691. If it appeared that the plaintiffs, or any of them, other than Matthew Goggin, had actually executed a grant or release to the defendant respecting the ease-

ments which it had appropriated, while such grant would not have been effectual as a grant, by reason of the nonjoinder of Matthews, it might have operated to prevent the recovery of damages by the co-tenants who joined in it, but this would have been by way of estoppel. Edridge v. Rochester City & B. R. R. Co., supra; White v. Manhattan Ry. Co., 139 N. Y. 19, 34 N. E. 887. There is no principle, however, which will permit a party to be estopped to assert his rights upon a mere presumption that he has at some time parted with those rights, and hence the plaintiff appellants cannot be estopped to recover their lost easements upon the bare presumption, arising from lapse of time, that they executed some kind of a grant or release which has been lost, and cannot be produced. Since, therefore, no actual grant or release from the plaintiff appellants has been proven, and no valid effectual grant or release could have been made during Matthew Goggin's minority, it follows that the period of time necessary to raise a presumption of a grant did not begin to run until Matthew Goggin became of age, and thus became capable of joining in a grant. That was less than 20 years before the commencement of this action. The plaintiff appellants have not, therefore, been barred of the right to enforce their easements, and the judgment should have run in their favor, as well as in favor of their co-tenant.

The judgment, in so far as appealed from by defendants is affirmed, and in so far as appealed from by plaintiffs, is reversed, and a new trial granted, with one bill of costs to plaintiffs to abide the event.

PATTERSON, P. J., and McLAUGHLIN, J., concur.

HOUGHTON, J. (dissenting in part). I concur in an affirmance of the judgment in favor of the plaintiff Matthew M. Goggin, but I do not think the infancy of the one tenant in common suspended the running of the statute of limitations as to the adult co-tenants. It is true there is a legal distinction between the title to land obtained by adverse possession and the prescriptive title to an easement acquired by adverse user. Both, however, are interests in land acquired in the same general manner, and the time within which title ripens is the same. There appears to be no reason why a like rule of limitation or suspension of limitation should not be applied to each, as was done with respect to disabilities in Scallon v. Manhattan Ry. Co., 185 N. Y. 359, 363, 78 N. E. 284. The interests of a tenant in common in land may be acquired by adverse possession by a stranger (Baker v. Oakwood, 123 N. Y. 16, 25 N. E. 312, 10 L. R. A. 387), and also by his co-tenant after proper ouster (Culver v. Rhoades, 87 N. Y. 348). There appears to be a curious dearth of authority on the effect of the disability of one tenant in common upon the running of the statute as to the co-tenant. In England, as early as the case of Roe d. Langdon v. Rowlston, 2 Taunton, 441, it was held that if an estate descend to parceners, one of whom is under a disability which continues more than 20 years, and the other does not enter within 20 years, the disability of the one does not preserve the

title of the other. This holding does not appear to be from any peculiar statute, and is stated as the general rule in Blanshard on Statute of Limitations, *22. To the same effect is Thomas v. Machir, 7 Ky. 412, and Floyd's Heirs v. Johnson, 12 Ky. 109, 13 Am. Dec. 255. Logically this must be so, for each tenant in common can convey his undivided interest and lose it from adverse possession; and there is no reason why the disability of one of his co-owners should save his individual rights from the operation of the statute.

It is claimed, however, that there is a wide difference between taking actual title away from a tenant in common by adverse possession and obtaining prescriptive title to an easement as against him; for, although he may convey what title he has, he cannot alone grant an easement. It is true he cannot convey an easement as to the whole property, or grant one in any sense complete, but he can create one good as against himself. Such result of his conveyance is expressly recognized in Crippen v. Morss, 49 N. Y. 63, and in Edridge v. R. C. & B. R. Co., 54 Hun, 194, 7 N. Y. Supp. 439, relied upon by appellants. In White v. Manhattan Ry. Co., 139 N. Y. 19, 34 N. E. 887, a consent to the construction and operation of an elevated railroad signed by one tenant in common was held not binding upon the owners of the land "other than the one who signed it and his grantee with knowledge." The title of a tenant in common is not joint, but several, although of an undivided part; and I see no reason why prescriptive title may not be gained as against his interest in the land, even though no complete easement is acquired. An abutting owner by his acts may abandon his easement of light, air, and access if he sees fit (Ward v. Metropolitan El. Ry. Co., 152 N. Y. 39, 46 N. E. 319), and lack of prosecution within the prescribed time would seem to be one method of doing so. If the statute was not suspended by the infancy of the one co-tenant, there is no question that the full 20 years had run against the appellants when the action was begun, and that, if prescriptive title could be gained at all, it had conclusively ripened as adverse user for the full period of time necessary. Notwithstanding the dower of the mother had been admeasured and she occupied the property, they, as remaindermen, had an immediate right of action. Thompson v. Manhattan Ry. Co., 130 N. Y. 360, 29 N. E. 264.

The present action is not to recover real property held adversely, in which the rule is that the statute does not commence to run until the determination of a prior estate. In such case there is no right of possession until the prior estate is terminated. The action which plaintiffs instituted is one to restrain a continuing trespass, and it arose as early at least as when the defendant began to operate its railroad. Hindley v. Man. Ry. Co., 185 N. Y. 335, 78 N. E. 276. If any injury resulted to the land, it was one daily "done to the inheritance," which section 1665 of the Code of Civil Procedure expressly gives a remainderman a right of action for, notwithstanding any intervening estate for life or for years. The appellants could, therefore, have brought action at any time within the 20 years, and, if the infant co-tenant could or would not join with them as plaintiffs, they could

have made him a defendant. De Puy v. Strong, 37 N. Y. 372. By their failure to do so, I think they have lost what rights they had, either because the statute of limitations of 20 years is a bar, or because their claim is a stale one which the court should not entertain, and that the dismissal of the complaint as to all the plaintiffs, except the one who was an infant at the time the cause of action accrued, was proper, and that the judgment should be affirmed.

LAUGHLIN, J., concurs.