STEVE STRUNGOSKY, Plaintiff, *v.* BEATRICE MARSH HOLDING CORP., Defendant.

Supreme Court, Special Term, Albany County, July 22, 1949.

*Abram Miner* for plaintiff.

*Ainsworth & Sullivan* for defendant.

TAYLOR, J. This is a motion for judgment dismissing the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that the cause of action did not accrue within the time limited by law for the commencement thereof.

The cause of action is to recover damages for personal injuries alleged to have been caused by the defendant's negligence. It is conceded that the plaintiff was born on January 18, 1926, that the cause of action accrued on February 7, 1941, and was commenced on May 10, 1949. It appears that the plaintiff was imprisoned in execution upon a conviction of a criminal offense from November, 1945, to November, 1948. I think it may be inferred that his term of imprisonment was less than life.

In the absence of one or more disabilities which have tolled the Statute of Limitations his action must have been commenced within three years after it had accrued. (Civ. Prac. Act, § 49.) The question to be determined is whether the action has been timely brought within the extended period allowed by statute for its institution where the disabilities of infancy and imprisonment existed.

The determination of the motion is governed by sections 60, 28 and 29 of the Civil Practice Act which in that order, insofar as pertinent here, are cast in these words:

" § 60. *Certain disabilities excluded from time to commence action.* If a person entitled to maintain an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, *is at the time when the cause of action accrues,* either:

" 1. Within the age of twenty-one years; or

" 2. Insane; or

" 3. Imprisoned on a criminal charge, or in execution upon conviction of a criminal offense, for a term less than for life; the time of such a disability is not a part of the time limited in this article for commencing the action; except that the time so limited

cannot be extended more than five years by any such disability, *except infancy; or in any case more than one year after the disability ceases.*"

" § 28. *Disability must exist when right accrues.* Except as provided in section twenty-seven, a person cannot avail himself of a disability *unless it existed when his right of action* or of entry *accrued.*"

" § 29. *If several disabilities, no limitation until all removed.* Where two or more disabilities co-exist *when the right of action* or of entry *accrues,* the limitation does not attach until all are removed." (Emphasis supplied.)

The plaintiff's disability of infancy existed when his right of action accrued on February 7, 1941, since he was then fifteen years of age. While still imprisoned, he became twenty-one years old on January 17, 1947. The commencement of his action could not have been delayed for more than one year thereafter or beyond January 18, 1948. (*Frehe* v. *Schildwachter,* 289 N. Y. 250; *Matter of McKee* v. *White,* 218 App. Div. 300, affd. 244 N. Y. 610; *Lamb* v. *du Pont,* 181 Misc. 657; *Matter of President & Directors of Manhattan Co.,* 73 N. Y. S. 2d 881; Civ. Prac. Act, § 60.) The contention that his imprisonment at or beyond that time operated to extend the period from one year after his release is without merit. The statute plainly does not extend the time for instituting an action because of the existence of a second disability beyond one year from the cessation of the disability of infancy unless the second disability is a coexistent one when the right of action accrues in which event the limitation does not attach until such second disability is also removed. (Civ. Prac. Act, § 29.)

It cannot here be seriously urged that the second disability existed at the time the cause of action had accrued. Plaintiff's imprisonment began, he avers, in November, 1945. His cause of action had accrued almost five years prior thereto. Any advantage by way of exclusion or extension of time within which to bring an action arising from such a disability is only available to a person when it is in existence at the time when the cause of action accrues except as to those disabilities specified in section 27 of the Civil Practice Act. (*Nathan* v. *Equitable Trust Co.,* 250 N. Y. 250.)

It follows that the plaintiff's cause of action has not been initiated within the time limited therefor by the statute and that the disabilities which are claimed to have relieved him of compliance have not effectively done so.

The complaint must therefore be and is dismissed, without costs.

Submit order.