MICHAEL KANE, Plaintiff, v. SLOYER FORMAN, INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, February 24, 1953.

*Michael Kane,* plaintiff in person.

*House, Grossman, Vorhaus & Hemley* for defendant.

STARKE, J. This is an action to recover overtime wages under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) The period of claimed employment is July 1, 1939, to June 30, 1940.

The plaintiff asserts he was confined in New York State prisons continuously from 1942 to 1952 and therefore disabled during that period from bringing an action. (Penal Law, § 510, provides for suspension of civil rights by sentence of imprisonment in State prison for term less than life.) He contends that his cause of action did not accrue until June 1, 1942, the date the United States Supreme Court handed down the decision of *Kirschbaum Co.* v. *Walling* (316 U. S. 517), at which time he was in prison.

It matters not what date the plaintiff claims he learned he had a cause of action. The cause of action accrued the first day it existed. At the latest, his action accrued on the date of termination of the alleged employment — June 30, 1940. As a matter of fact, the *Kirschbaum Co.* v. *Walling* decision (*supra*), was an affirmance of judgment in two different cases wherein two Circuit Court of Appeals courts, one for the Third Circuit and the other for the Second Circuit, affirmed decrees of the Administrator of the Wage and Hour Division of the United States Department of Labor, all of which were decided long before 1942.

Plaintiff claims protection from the Statute of Limitations by reason of subdivision 3 of section 43 of the Civil Practice Act and cites the cases of *Goggin* v. *Manhattan Ry. Co.* (124 App. Div. 644) and *Muller* v. *Manhattan Ry. Co.* (124 App. Div. 295). He is in error as section 43 deals with actions to recover real property, and the cases cited are not applicable as they pertain to section 43.

The appropriate statute is section 60 of the Civil Practice Act, which provides as follows: " *Extension of time to commence action in consequence of certain disabilities.* If a person entitled to maintain an action other than for the recovery of real property, except for a penalty or forfeiture, or against a sheriff or other officer for an escape, is *at the time when the cause of action accrues,* either: 1. Within the age of twenty-one years; or 2. Insane; or 3. Imprisoned on a criminal charge, or

in execution upon conviction of a criminal offense, for a term less than for life; and if the time otherwise limited in this article for commencing the action is five years or more and if such time, expires before the disability ceases, or less than five years thereafter, the time otherwise limited shall be extended in consequence of such disability so as to permit the action to be commenced after the expiration of the time otherwise limited but not more than five years after the disability ceases; but if the time otherwise limited is less than five years, such time shall be extended by the period of disability; provided, however, that if such person is, *at the time when the cause of action accrues,* either insane, or imprisoned on a criminal charge, or in execution upon conviction of a criminal offense for a term less than for life, the time otherwise limited shall not be extended by the provisions of this section more than fifteen years after the cause of action accrues". (Italics supplied.)

Section 60 does not aid the plaintiff. The tolling provision of the statute applies only where the disability was present " at the time when the cause of action accrues ". The plaintiff's action accrued long before the commencement of his period of disability.

He had two years prior to the disability in which to bring his action. In order for a person to obtain the advantage of an extension of time within which to bring an action, the disability (imprisonment) must exist at the time the right of action accrued (*Nathan* v. *Equitable Trust Co.,* 250 N. Y. 250; *Strungosky* v. *Marsh Holding Corp.,* 196 Misc. 162).

This is further borne out by section 28 of the Civil Practice Act which provides as follows: " Except as provided in section twenty-seven, a person cannot avail himself of a disability unless it existed when his right of action or of entry accrued."

The courts have held that section 28 applies to the disabilities referred to in section 60 of the Civil Practice Act (*Nathan* v. *Equitable Trust Co., supra; Gallewski* v. *Hentz & Co.,* 195 Misc. 507).

Since the plaintiff cannot secure the benefit of section 60 of the Civil Practice Act, his claim is barred by the Statute of Limitations (U. S. Code, tit. 29, § 255) which reads as follows: " Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act —

"(a) if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947 — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations".

The "applicable state statute", namely, section 48 of the Civil Practice Act provides for a six-year Statute of Limitations on wage claims. Since plaintiff's cause of action accrued more than two years prior to May 14, 1947, the case comes under subdivision (c) of the statute quoted above. Hence, this plaintiff's claim was barred absolutely, in any event, one hundred and twenty days after May 14, 1947.

Plaintiff urges *Anderson* v. *Mt. Clemens Pottery Co.* (328 U. S. 680) as authority for the proposition that the amount and extent of the overtime may be based upon the mere testimony of the employee where the employer failed to introduce records which the act requires him to keep, showing the number of hours worked. However, the plaintiff overlooks the fact that the court held that where an employee brings suit under the act for overtime compensation, he has the burden of proving that he has in fact performed the work for which he was not properly compensated and to produce *sufficient* evidence to show the amount and extent of that work as a matter of just and reasonable inference. This court finds that plaintiff in the case at bar has not established the necessary elements outlined above by sufficient credible evidence, and that therefore the burden of coming forward with evidence of the precise amount of work performed never shifted to the defendant (*Anderson* v. *Mt. Clemens Pottery Co., supra*).

The plaintiff seeks to hold the defendant corporation liable although he testified that he did not work for it. He admitted on the stand that another corporation, Benettsol Corp., was his

employer, but maintained that the defendant corporation was a continuation of Benettsol Corp. and was in reality the same company.

The plaintiff has failed in his proof to show legal successorship in interest or that the two corporations were identical or connected in any way. In fact, the defendant introduced a certificate of the chain of title from the New York County Register's Office which revealed that at the time plaintiff claims to have performed his services in 1939 and 1940, the building was owned by Benettsol Corp. until September 30, 1942, and that subsequently the building was conveyed several times. It is therefore clearly evident that the defendant corporation is not a proper party defendant.

For all of the foregoing reasons judgment after trial is hereby rendered on the merits in favor of the defendant, with costs.