Marvin *v.* Lewis.

CARDOZO, J. I concur that the order is appealable. As bearing upon that question, the case of *King* v. *The Mayor &c.,* (36 *N. Y.* 190,) may be added to the authorities referred to by Judge INGRAHAM.

I also agree that the court had not the power to direct the commissioners to estimate the damage at a sum which the judge fixed, instead of leaving it to the commissioners; and that for that reason the order should be reversed, and the matter take the course suggested by Judge INGRAHAM.

Order reversed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Ingraham,* P. J., and *Cardozo* Justice.]

———— • • • ————

## OLIVER W. MARVIN *vs.* SAMUEL A. LEWIS and others.

The time, within which actions for the recovery of real property must be brought, is governed by chapter II of the Code, and not by chapter III, which relates to "actions *other* than for the recovery of real property."

Where a deed, executed by husband and wife, is set aside because of the husband's unsoundness of mind, no deductions can be made on account of the value of the wife's right of dower, nor for taxes and assessments paid since the execution of the deed.

Such a deed passes nothing; and the wife could not convey her inchoate right of dower. She could only release it to some one having the legal estate in the land.

A deed being void, the heir of the grantor may recover the land attempted to be conveyed. And the court, in declaring such deed void in law, cannot impose, as a condition, that it shall be treated as good, so far as to require the plaintiff to repay what has been paid, by the occupant, for taxes and assessments.

APPEAL, by the defendants, from a judgment entered upon the report of a referee.

The action was brought by the plaintiff, the only son and heir of David D. Marvin, deceased, to set aside a deed executed by said David D. Marvin and Mary Augusta, his

wife, to Susan M. Whittlesey, dated October 17, 1850, and recorded June 13, 1851. The deed was sought to be avoided on the ground of David D. Marvin's unsoundness of mind at the time of the execution of the conveyance. Some of the defendants were in possession of the premises, claiming title thereto, by divers mesne conveyances, under Susan M. Whittlesey, the grantee. At the time of the execution of the deed, and the death of the grantor, David D. Marvin, the plaintiff, was an infant. He became of age in 1862. The present action was brought within ten years after the disability ceased. The referee found the fact of David D. Marvin's insanity at the time he executed the deed in question, and that the plaintiff was entitled to a judgment setting the same aside. Judgment was entered accordingly.

*Wm. Henry Anthon*, for the appellants, contended (among other things) that the evidence adduced to avoid the deed was insufficient, and the complaint should be dismissed. But that if the deed should be avoided, the original purchase money received by Mrs. Marvin for the lots, namely, $1000, with interest, should be accounted for, and all taxes and assessments should be allowed for. That the dower of Mrs. Marvin should be valued, and its value should be set apart for the benefit of the present holders of the lots.

He also insisted that this action falls under section 97 of the Code, which provides that " an action for relief, not hereinbefore provided, must be commenced within ten years after the cause of action shall have accrued," as extended by section 101, which provides that in case of the infancy of the party entitled to sue, the period may be extended one year after the disability ceases. That this section applies to actions in respect to real property as well as personal, and is, in fact, a re-enactment of 2 *R. S.* 302, § 52. That the present action is a suit in equity, to

Marvin *v.* Lewis.

set aside a deed, and to remove a cloud from the plaintiff's title, and that such a suit comes clearly within the ten years limitation. (*Bartlett* v. *Judd,* 23 *Barb.* 262.)

*Wm. Kronberg,* for the respondent.

*By the Court,* CARDOZO, J. Assuming, without deciding, that Mrs. Anthon has the right to appeal from this judgment, I think there is no reason to disturb it. The invalidity of the deed, I think, cannot be doubted. It stands substantially in the same plight as the assignment of the mortgage did in the case of *Marvin* v. *Inglis,* (39 *How. Pr.* 329;) and the evidence in this and that case is substantially the same. The Court of Appeals having affirmed the judgment in that case, I think there can be no doubt, on the evidence, and the law, as settled by that authority, that the referee was right in holding the deed in question to be void.

I think the statute of limitations had not barred the claim. Mrs. Anthon's counsel urges that the 97th section of the Code is applicable. I think this is a mistake. That section prescribes the time within which actions for relief, not before provided for in the Code, must be commenced. But this presents a cause of action provided for by chapter II of the Code. It is an action for the recovery of real property; and to such cases chapter II applies, while chapter III, which contains § 97, relates to "time of commencing actions *other* than for the recovery of real property."

The claim for deductions on account of the value of Mrs. Marvin's dower, and of taxes and assessments paid since the execution of the deed, is equally unavailable. The deed, being void, passed nothing. Mrs. Marvin could not convey her inchoate right of dower. She could only release it to some one having the legal estate in the land. This is too clear to need the citation of authority. The

deed being void, the plaintiff had the right to recover the land. The court could not, in declaring the deed void in law, impose, as a condition, that it should be treated as good, so far as to require the plaintiff to repay what had been paid for taxes and assessments. It was absolutely void; and even if the payment, in good faith, of taxes and assessments, would seem, in conscience, to create an equity for reimbursement, I see no principle upon which a court of equity could require it, any more than such reimbursement could be decreed where a person had committed the mistake of paying taxes on property which did not belong to him. That is the most that could be said in this instance.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 7, 1871. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.]