PELL THOMPSON et al., Respondents, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

An elevated railroad erected in a city street, the right to construct and operate which has not been obtained by purchase from the abutting owners, or by proceedings to condemn, is, as to them, an illegal structure, and a continuing trespass upon their rights, from the time it was built. Such a trespass is an injury to the inheritance, and a person seized of an estate in remainder in premises abutting upon the street, may maintain an action for an injunction against the railroad company, "founded upon an injury done to the inheritance, notwithstanding an intervening estate for life." (Code Civ. Pro. §§ 1665, 1681.)

(Argued December 4, 1891; decided December 22, 1891.)

Appeal from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made February 11, 1890, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

*Brainard Tolles* for appellants.    The plaintiffs had no right to an injunction until their estate vested in possession. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. E. R. Co.*, 112 id. 186; *Ottenot* v. *N. Y., L. E. & W. R. Co.*, 119 id. 603; *Tallman* v. *M. E. R. Co.*, 121 id. 103; *N. Y. E. R. Co.* v. *F. N. Bank*, 135 U. S. 441.)

*John A. Weekes, Jr.*, for respondents.    A reversioner is entitled to an injunction against a stranger who is injuring his inheritance where an injunction would be the proper remedy for an owner in possession. (*Livingston* v. *Hayward*, 11 Johns. 429; *Livingston* v. *Mott*, 2 Wend. 605; *Van Duesen* v. *Young*, 29 N. Y. 9, 29; *Robinson* v. *Wheeler*, 25 id. 252, 259; Code Civ. Pro. §§ 1660, 1662, 1665; *Hudson* v. *Caryl*, 44 N. Y. 553; *McKeon* v. *See*, 51 id. 300; *Chapman* v. *City of Rochester*, 110 id. 273; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98; *Pond* v. *M. E. R. R. Co.*, 112 id. 186; *Story Case*, 90 id. 122; *Lahr Case*, 104 id. 270; *N. Y. N. E. Bank* v. *M. E. R. R. Co.*, 108 id. 660; *Henderson Case*, 78 id. 423; *Lawrence* v. *Bayard*, 7 Paige, 70; *Kodgill* v. *Moore*, 9 C. B. 364; *Jesser* v. *Gifford*, 4 Burr. 2141; *Tinsman* v. *R. R. Co.*, 25 L. J. L. 255, 262–265; *Shadwell* v. *Hutchinson*, 3 C. & P. 615; 4 id. 333; Code Civ. Pro. § 1618; *Francis* v. *Schollkopf*, 53 N. Y. 152; 3 R. S. [7th ed.] 2214, § 27; 90 N. Y. 147; 125 id. 164; *Mortimer* v. *M. R. Co.*, 29 N. Y. S. R. 262; *Conkling* v. *M. R. Co.*, 36 id. 124; *Cornell* v. *E. R. R. Co.*, 37 id. 624; *Macy* v. *E. R. R. Co.*, 36 id. 245; *Doyle* v. *E. R. R. Co.*, 35 id. 373; *Williams* v. *B. C. R. R. Co.*, 36 id. 504, 505.) As the fee damage is computed only as a grace or privilege to the defendants on the payment of which they may escape from the injunction, defendants are not entitled to complain of the terms on which such relief is

awarded to them. (*Story Case*, 90 N. Y. 123, 179; *Lahr Case*, 104 id. 269; *Abendroth Case*, 122 id. 1; *Kane Case*, 125 id. 164; *Drucker Case*, 106 id. 162; *Kane Case*, 34 N. Y. S. R. 876; *Hamilton Case*, 30 id. 19, 20; *Taylor Case*, 53 Hun, 309; *Milhau* v. *Sharp*, 27 N. Y. 625, 628; *Uline Case*, 101 id. 98; *People* v. *Law*, 34 Barb. 495, 506, 507; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 430; *Williams* v. *N. Y. Co.*, 16 id. 111; *Meyer* v. *Phillips*, 97 id. 485, 490, 491; *Garwood* v. *N. Y. C., etc., Co.*, 83 id. 404, 406; *Corning* v. *T., etc. Co.*, 39 Barb. 312, 326; 40 N. Y. 191; *Ware* v. *Allen*, 140 Mass. 513, 515; *Lund* v. *New Bedford*, 121 id. 268, 288, 290; *Lawson* v. *Menasha*, 59 Wis. 393, 398; *Smith* v. *Rathburn*, 75 N. Y. 122, 126, 127; *Carll* v. *Oakley*, 97 id. 633, 634; *Bartlett* v. *Stinton*, L. R. [C. P.] 493, 484; *Claflin* v. *Frankel*, 29 Hun, 288; *Genet* v. *Davenport*, 59 N. Y. 648; *Bennett* v. *Van Syckel*, 18 id. 481; *Murphy* v. *Spaulding*, 46 id. 559; *Dambmann* v. *Schulting*, 6 Hun, 29; *Lawrence* v. *Metropolitan*, 35 N. Y. S. R. 39; 126 N. Y. 483; *In re Bradner*, 87 id. 171, 177; *Smith* v. *Dodd*, 4 E. D. Smith, 643; *Vibbard* v. *Roderick*, 51 Barb. 616.)

Haight, J.   This action was brought for an injunction perpetually restraining the defendants from constructing, maintaining or operating an elevated railroad through Pearl street in the city of New York adjoining or in front of the plaintiff's premises, and for the damages alleged to have been sustained by reason of such construction and operation.

In the year 1870 the mother of the plaintiffs died intestate seized of the premises in question.   She left her surviving the plaintiffs, and William W. Thompson, her husband, who as tenant by curtesy ever since has been in possession thereof, receiving the rents, issues and profits.   Upon the death of their mother the plaintiffs became vested with an estate in remainder, and as such bring this action for an injunction, upon the theory that the maintenance and operation of the railroad is a damage to their inheritance.

The defendants had never obtained from the plaintiffs, either
by purchase or proceedings to condemn, the right to construct
and operate their railroad.   The structure must, therefore, as
to them be regarded as illegal and a continuing trespass upon
their rights from the time the road was built.   (*Story* v. *N.
Y. E. R. R. Co.*, 90 N. Y. 122; *Uline* v. *N. Y. C. & H. R.
R. R. Co.*, 101 id. 98.)

In the case of *Pappenheim* v. *Metropolitan El. R. Co.* (128
N. Y. 436), PECKHAM, J., in delivering the opinion of the court
says: "As the structure is illegal, and as it constitutes, while it
exsits, a continuing trespass, the railroad company is under a
legal obligation to remove it, and the law will presume that the
company will do so.   In an action at law the owner of the
property interfered with or trespassed upon cannot recover
damages to his premises based upon the assumption that such
trespass is to be permanent.   He can recover only the damages
which he has sustained up to the commencement of the action.
The judgment entered for the damages sustained does not
operate as a purchase of the right to continue the trespass.
But the owner may resort to equity for the purpose of enjoin-
ing the continuance of the trespass and to thus prevent a mul-
tiplicity of actions at law to recover damages; and in such an
action the court may determine the amount of damage which
the owner would sustain if the trespass were permanently con-
tinued, and it may provide that, upon payment of that sum,
the plaintiff shall give a deed, or convey the right to the
defendants, and it will refuse an injunction when the defend-
ant is willing to pay upon the receipt of the conveyance."

This action was brought in equity and for an injunction, and
the question as to the permanency of the elevated road in this
case is disposed of by the parties.   The defendants, in their
answer, allege: " That the said railway was constructed accord-
ing to law and with the greatest care and skill, *and that the
said structure, maintenance and operation are permanent.*"
The plaintiffs, as part of their affirmative case, read this alle-
gation of the defendants in evidence, and the trial court found
as a fact that "the defendants proclaim their intention of con-

tinuing to maintain the said structure and to operate the said railroad substantially as they have been maintained and operated in the past, *and that said structure and its operation is permanent."*

The question is, therefore, presented as to whether the plaintiffs as remainder-men can maintain an action to restrain the defendants from the maintenance and operation of their road permanently through Pearl street in front of the plaintiffs' premises.

Section 1665 of the Code of Civil Procedure provides that: " A person, seized of an estate in remainder or reversion, may maintain an action founded upon an injury done to the inheritance, notwithstanding an intervening estate for life or for years."

The statute provided that " A person, seized of an estate in remainder or reversion, may maintain an action of waste or trespass for an injury done to the inheritance, notwithstanding an intervening estate for life or years." (1 R. S. 759, § 8.)

Under the Code, the words " of waste or trespass for" are omitted, and the words "founded upon" are substituted in their place. The words omitted, as used in the statute, indicated the nature of the action that might be maintained. The leaving of them out of the Code would seem to indicate an intention not to restrict the party injured to such actions, but to give him the right to maintain an action founded upon an injury done to his inheritance. That an action for an injunction may be maintained for such an injury appears to be authorized by section 1681 of the same title, for it provides that "If, during the pendency of an action specified in this title, the defendant commits waste upon, *or does any other damage* to the property in controversy, the court, or a judge thereof, may, upon the application of the plaintiff and due proof of the facts by affidavit, grant, without notice or security, an order restraining him from the commission of any further waste upon *or damage to the property.* Disobedience to such an order may be punished as a contempt of court. This section does not affect the plaintiff's right to a permanent or temporary injunction in such an action."

It will be observed that the right to an injunction is not limited to wastes, but covers "any other damage to the property."

In the *Story* case, it was held that the owners of premises abutting upon a public street acquire an easement in the bed of the street for ingress and egress to and from their premises, and also for the free and uninterrupted passage and circulation of light and air through and over the same for the benefit of their property; that the ownership of such easement is an interest in real estate constituting property within the meaning of the term as used in the Constitution of the state, and requires compensation to be made therefor before it can lawfully be taken from its owner for public use; that the right thus secured was an incorporeal hereditament, and became an appurtenant to the lot forming an integral part of the estate in it. From the moment it attached, the lot became the dominant and the street the servient tenement. (See also *Lahr* v. *M. E. R. Co.*, 104 N. Y. 268.)

In the case of *Kernochan* v. *N. Y. E. R. R. Co.* (128 N. Y. 559), Andrews, J., in delivering the opinion of the court, says that "The invasion of this incorporeal right by the structure of the elevated road is the gravamen of this and similar actions, and such an injury, although not a trespass upon the land, has throughout the course of common law been remediable by an action for damages technically known as an action for trespass on the case."

In that case it was held that the action could be maintained by the owner during the period in which the premises were in the occupation of a tenant under a lease for a term of years; and that the construction and operation of the road before any consummated right has been acquired by the defendants whereby the owner of abutting property is deprived of the full enjoyment of his property constitutes an injury to the inheritance.

We thus have the express provisions of the Code giving the right to a remainder-man to maintain an action founded upon an injury to the inheritance. We also have the adjudication

in the *Kernochan* case that such an injury as is complained of in this case constitutes an injury to the inheritance.

It consequently follows that the action can be maintained.

In view of the fact that the authorities have been collated and considered in the *Kernochan* case, further discussion of the question is not deemed necessary.

No other question was presented for consideration.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.