JOHN J. WALSH and Others, Individually and as Executors, etc., of ANDREW WALSH, Deceased, and Others, Respondents, *v.* THE BROOKLYN UNION ELEVATED RAILROAD COMPANY and THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellants. (Action No. 2.)

*Eminent domain — an infant having a vested remainder may, by his guardian* ad litem, *maintain an abutter's action against a railroad company — proper form of judgment therein.*

An infant, having title to a vested remainder in an undivided interest in property abutting upon a street in which an elevated railroad is operated, may, by his guardian *ad litem*, maintain an abutter's action to restrain the maintenance and operation of such railroad.

A judgment rendered in such an action which grants the plaintiff injunctive relief, but provides that the injunction shall not become operative if the defendants shall tender to the plaintiff the amount of fee damages, in which event they shall be entitled to receive from the plaintiff a proper grant of the right to operate the railroad, "to be executed by the persons having any title to or lien upon said premises," secures to the defendants the right to insist upon obtaining a good title to the infant's interest in the property before being obliged to pay the fee damages or before the injunction will become operative.

APPEAL by the defendants, The Brooklyn Union Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 15th day of May, 1901, upon the decision of the court rendered after a trial at the Kings County Special Term.

*Alexander S. Lyman* and *George D. Yeomans*, for the appellants.

*George W. Sickels*, for the respondents.

GOODRICH, P. J.:

This is the usual abutter's action for rental and fee damages growing out of the building of the elevated railroad on Myrtle avenue, Brooklyn.   The court, at Special Term, on contradictory evidence, found the rental damage to be $150 per annum, and with this finding we do not differ.

The appellants contend that as Andrew Walsh died in 1889 (not in 1899, as erroneously stated in the findings of fact) his executors are not entitled to maintain the action, that the damages under his will belong to the other plaintiffs, his widow and children, and that as to the executors the complaint should be dismissed, with costs. But as no harm has resulted to the defendants from the joinder of the executors as plaintiffs, while the complaint should be dismissed as to them, it will be without costs.

The appellants contend that it was error to direct judgment for the entire rental damages against both defendants.   They concede that the defendant, the Brooklyn Union Elevated Railroad Company, is responsible for rental depreciation, if any, from the date when in a foreclosure action a receiver was appointed for the road formerly known as the Union Elevated Railroad Company, up to February 7, 1899, the date when the Brooklyn Union Elevated Railroad Company became the purchaser at a foreclosure sale, but that it is not responsible for rental damages subsequent to the date of its lease to the defendant, the Brooklyn Heights Railroad Company, viz., April 1, 1899.   The appellants also concede that the Brooklyn Heights Railroad Company is responsible for rental depreciation, if any, from the date of its lease up to the date of the trial, April 9, 1901.

The appellants also contend that "the trial court erred in compelling the defendants to take a bad title to the easements in return for the fee damage awarded."   The basis of the argument is that an undivided seventh part of the premises, subject to the life estate of the widow, is vested in Henry Walsh, an infant, who appears in this action as a party plaintiff by a guardian *ad litem*.   The answer to the contention is two-fold.   The defendants raised no defense of infancy in their answer, and, *secondly*, the judgment does not pass and could not pass upon the question of title.   The judgment provides that the injunction shall not become operative for a period of

thirty days, if during that period the defendants should pay or tender to the plaintiffs the amount of fee damages, in which event the defendants should be entitled to maintain and operate their railroad and to receive from the plaintiffs a proper grant or conveyance of such right, together with the claim for damage by such maintenance and operation in the past, " to be executed by the persons having any title to or lien upon said premises."

There is no question but that an infant by guardian *ad litem* can maintain an action of this character. The defendants are not in any way aggrieved by the judgment, for the injunction is not to become operative after tender of the fee damages awarded by the judgment, and they are not obliged to pay such amount until a proper grant or conveyance is made by all persons having title to or interest in the premises. If no such grant is executed and delivered to the defendants they are not enjoined. If it be necessary to good title for such grant to take other proceedings, as, for instance, proceedings to sell infant's real estate or an interest therein under section 2348 of the Code of Civil Procedure, the defendants can stand upon their tender until such proceedings are taken and a valid grant is given to them. If no such proceedings are taken, a grant can be made by the infant when he becomes of age, but in either event the defendants are not injured by the judgment.

The judgment is correct in enjoining both defendants unless the fee damages are paid.

The judgment, therefore, should be modified by dismissing the complaint as to the plaintiffs as executors and executrix, without costs, and by making the proportionate division of the damages between the defendant corporations, and as modified affirmed, with costs of this appeal.

All concurred.

Judgment modified by dismissing the complaint as to the plaintiffs as executors and executrix, without costs, and by making the proportionate division of the damages between the defendant corporations, and as modified affirmed, with costs of this appeal.