this proceeding, rather than in good faith answer the charges, so as to submit to the commissioner the question as to his guilt or innocence. I think, therefore, that, as the defendant was entitled to call on this relator for a statement in relation to his connection with this volunteer fire organization, the refusal of the relator to answer any questions in relation to his membership therein justified the commissioner in declining to accept this unidentified certificate as proof of the facts therein stated, and justified the commissioner in proceeding as he did.

The writ should therefore be dismissed, and the proceedings affirmed, with $50 costs and disbursements. All concur.

---

### MULLER v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. ADVERSE POSSESSION—DURATION AND CONTINUITY OF POSSESSION—DEATH OF FORMER OWNER—MINOR HEIRS.

An adverse possession commencing in the lifetime of the ancestor continues to run against the heir, though he was an infant when his right to sue to recover possession commenced.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, § 274.]

2. REMAINDERS—ACTIONS BY REMAINDERMEN—INJURY TO THE INHERITANCE.

Under 1 Rev. St. (1st Ed.) p. 750, pt. 2, c. 1, tit. 5, § 8, providing that a person seised of an estate in remainder or reversion may maintain an action of waste or trespass for an injury done to the inheritance, notwithstanding an intervening estate for life or years, and Code Civ. Proc. § 1665, providing that a person seised of an estate in remainder or reversion may maintain an action founded on an injury to the inheritance, notwithstanding an intervening estate for life or for years, an action for injuries to abutting property caused by the construction and operation of an elevated railway in a street may be maintained by remaindermen of the property.

3. INFANTS—ACTIONS—GUARDIAN AD LITEM.

An infant owner of real property abutting on a street may maintain by guardian ad litem an action for damages to the property resulting from the construction and operation of an elevated railway in the street.

4. LIMITATION OF ACTIONS—COMPUTATION OF PERIOD OF LIMITATION—PERSONAL DISABILITIES—INFANCY.

Code Civ. Proc. § 375, provides that if a person who might maintain an action to recover real property, etc., is, when his cause of action first accrues, within the age of 21 years, the time of such a disability is not a part of the time limited in this title for commencing the action, except that the time so limited cannot be extended more than 10 years after the disability ceases. Held that, where a right of action against an elevated railway for injuries to property abutting on a street resulting from the construction and operation of the railway in the street accrued on December 30, 1878, to infant owners of the property, the oldest of whom became of age August 20, 1881, the right to bring the action was not on February 21, 1899, barred by the 20-year statute of limitations.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 392.]

5. ADVERSE POSSESSION—ELEVATED RAILROADS.

Title by prescription to easements of abutting owners appropriated by the structure of an elevated railroad and the use thereof may be obtained by adverse possession for 20 years.

6. EMINENT DOMAIN—REMEDIES OF OWNERS OF PROPERTY—PURCHASER FROM
OWNER AFTER TAKING OR INJURY—ELEVATED RAILROADS.

　　The purchaser of property abutting on a street acquired the right of his
grantor to maintain an action against an elevated railway for damages
to the property resulting from the unauthorized construction and operation
of the railway in the street.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain,
§§ 407–409.]

Appeal from Special Term.

Action by Clemens Muller against the Manhattan Railway Company and another. From a judgment (102 N. Y. Supp. 454) entered on a decision granting an injunction, alternative on the payment of the damages caused by defendant's elevated railroad to plaintiff's property, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Charles A. Gardiner (Theodore L. Waugh, of counsel), for appellants.

W. G. Peckham, for respondent.

CLARKE, J. This action was commenced on the 21st day of February, 1899. The operation of the road opposite the premises in question was begun on the 30th day of December, 1878. Plaintiff acquired title in June 8, 1891, by a referee's deed in an action in partition entitled, "Joseph Lang v. Caroline Andre and Others." In April, 1868, John Lang acquired title to the premises in suit, and died January 30, 1875, leaving a will by which he devised the premises to his widow to be used and enjoyed by her during the terms of her natural life or widowhood, and from and immediately after her decease, or after her marrying again, he bequeathed and devised said premises to his children or their descendants, to be equally divided between them, share and share alike, the descendants of any deceased child or children taking the share of such deceased child or children, if living. He left surviving him his widow and six children, all infants. The widow married one Andre on June 27, 1888. The dates of the births of said infant children were as follows: Frederica, August 20, 1860; Caroline, July 17, 1864; Joseph G., June 30, 1866; Charles, September 4, 1868; William, October 18, 1870; John, December, 1874. Said Charles died in 1897, William in 1901, and John in 1875. When the cause of action accrued on December 30, 1878, title was in the widow as life tenant, and the children as remaindermen. The cause of action accrued on December 30, 1878, and, the action having been commenced on the 21st day of February, 1899, more than 20 years had elapsed. Hindley v. Manhattan Ry. Co., 185 N. Y. 335, 78 N. E. 276, held that, where it appears that the railroad companies acting under legislative and municipal grants giving them actual authority to erect, maintain, and operate an elevated railroad in the street upon which the plaintiff was an abutting owner, and apparent authority to appropriate the easements of abutting owners to the extent that such a structure and the use thereof necessarily involve, entered such a street, without leave or license from the plaintiff, took

open hostile and absolute possession of his easements of light, air, and access by building a huge and permanent structure of iron in the street in front of his premises, which has been exclusively and continuously maintained and used by the company for the purposes of an elevated railroad for a period of more than 20 years, the company has acquired by prescription an absolute title to such easements which constitutes a complete bar to the recovery and relief demanded by the plaintiff.

In Scallon v. Manhattan Railway Co., 185 N. Y. 359, 78 N. E. 284, it was held that adverse possession and prescription being closely related, the former regulated by statute and the latter by common law, the effect of infancy upon title by prescription is analagous to that upon title by adverse possession under the statute of limitations. If infancy exists when a cause of action first accrues, the time for commencing the action is extended for a certain period after the infant becomes of age. If, on the other hand, the statute has begun to run against the ancestor, it is not interrupted by his death and the supervening disability of his heirs; so that an adverse possession commencing in the life of the ancestor will continue to run against the heir, although he was an infant when his right accrued. On the 30th of December, 1878, the five surviving children of John Lang were infants, and were vested with the remainder in fee of this property under the will of their father, subject to the estate of their mother for life or while unmarried. At that time a cause of action sprang into being to the children for the injury done to their remainder in fee. "A person seised of an estate in remainder or reversion may maintain an action of waste or trespass for an injury done to the inheritance, notwithstanding an intervening estate for life or years." 1 Rev. St. (1st Ed.) p. 750, pt. 2, c. 1; tit. 5, § 8. "A person seised of an estate in remainder or reversion may maintain an action founded upon an injury done to the inheritance, notwithstanding an intervening estate for life or for years." Section 1665, Code Civ. Proc. So that, notwithstanding the intervening life estate of their mother and in no way dependent thereon, an action could have been brought and maintained by the children. Thompson v. M. R. Co., 130 N. Y. 360, 29 N. E. 264. And such an action could have been brought during their infancy by a guardian ad litem. Walsh v. Brooklyn Union El. R. R., 69 App. Div. 389, 74 N. Y. Supp. 1019. As entry did not take place during the life of their ancestor—that is their father—from whom they took title by will, the adverse possession did not begin to run during his lifetime. The oldest of the children, Frederica, having been born August 20, 1860, was a little over 18 years of age when the cause of action accrued. Section 375 of the Code of Civil Procedure provides that:

"If a person who might maintain an action to recover real property, or the possession thereof, or make an entry, or interpose a defense or counterclaim, founded on the title to real property, or to rents or services out of the same, is, when his title first descends, or his cause of action or right of entry first accrues * * * within the age of 21 years. * * * The time of such a disability is not a part of the time, limited in this title, for commencing the action, or making the entry, or interposing the defense or counterclaim; except that the time so limited cannot be extended more than ten years after the disability ceases or after the death of the person so disabled."

The appellants claim that the correct method of computing the period of limitation is to allow a full 20 years from the accruing of the cause of action, then to note the date when the "time so limited" would expire, if no disability was involved. If this expiration of the limitation falls at a date more than 10 years after the attainment of majority of the infant, he is entitled to no extension. If it falls at a date less than 10 years after his majority, he has up to the end of that 10 years' extension of time in which to commence action. Applying that interpretation of the statute to the facts of this case, they add the 20 years to the date of the accruing of the cause of action, December 30, 1878, and thereby make the period of limitation December 30, 1898, if there was nothing to extend it. As on that date Frederica was over 38 years of age, she having become of age on August 20, 1881, she had been allowed 20 years, and over 10 years had elapsed, after her disability had ceased in which to commence the action. And so they claim the statute of limitations had fully run. This method of computation is not that adopted by the Court of Appeals. As I understand the rule laid down by that court, it is to take the date of the coming of age of the infant as the starting point. To that date add 20 years, and from that ascertained date look back to the date when the cause of action accrued, and, if said date was within the period of disability, and not more than 10 years prior to the infant's coming of age, and the suit is brought within 20 years after its coming of age, the statute has not run. In Howell v. Leavitt, 95 N. Y. 617, Judge Finch said:

"It is further contended that the statute of limitations barred the right of Louise M. Howell. The facts were that she became of age December 31, 1864, that Roberts got possession claiming title as owner March 15, 1858, and the action was begun November 7, 1878. The appellants' construction of the Code (section 68, Code Civ. Proc. § 375) is, in substance, that, where there is a disability, the action must be brought within 10 years after its termination; and Louise Howell, having reached full age December 31, 1864, had only until December 31, 1874, in which to sue. The effect of this contention would be to cut down the 20-year limitation to a little over 16 years by reason of a disability of infancy. In a case where the cause of action accrued to an infant 20 years of age the limitation would be cut down to 11 years; and that which was intended for the relief and benefit of a person under disability is made to operate as a positive injury. We have already declined to adopt that construction. Acker v. Acker, 16 Hun, 174; Id., 81 N. Y. 143. The exception of the Code relates to the extension of the time limited, and puts restraint only upon that extension. It means that the disability shall not add more than 10 years to the time limited after the disability has ended. Practically, in a case of infancy, it makes the extreme possible limitation a period of 31 years. If the cause of action accrues to an infant on the day of its birth for 21 years, the running of the statute is suspended, then it begins to run; but the time limited—that is, the 20 years considered as a period—having in fact elapsed, it is an extension of that period which is in progress, and the exception limits that added time to not more than 10 years after full age; that is, until the expiration of 31 years. But for the exception the infant would have had 41 years. In the present case Louise Howell had 20 years from December 31, 1864, in which to sue, because giving her the full time of 20 years after that date did not extend the whole time from the accruing of the cause of action more than 10 years added after she arrived at full age. Giving her until 1884 made the whole period from the entry of Roberts less than 27 years, so that her infancy extended the 20 years, the time limited, only about 7 years, and so did not violate the exception. What there is of difficulty in the section lies in the phrase 'after the disability ceases.' That relates only to the extended time, and has no effect in any case to cut down or lessen the limita-

tion of 20 years. To that the party is always entitled, and in case of a disability, to as much more as the period of disability would add, except that such addition must not be longer than 10 years added after the disability has ended."

In that case it will be seen that Louise Howell being 21 in 1864, and the suit having been begun November 7, 1878, she was about 35 years of age and the suit was held to have been properly brought 27 years after the cause of action accrued.

In Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637, Darrow died on November 12, 1864, leaving two infant children. The adverse possession commenced October 18, 1867. The infants were then 9 and 11 years of age, respectively. One became of age in 1877 and one in 1879. Taking the eldest child and adding 20 years from the time it became of age would bring the date 1897. The adverse possession was in 1867, 30 years prior thereto. The action was commenced in 1894, 27 years after the cause of action accrued, and when the infant had reached the age of 38, and 17 years after he became of age. The court said:

"The plaintiffs at the death of Darrow were infants, and, although this action was not commenced until 30 years after his death or until 15 years after the younger of the plaintiffs became of age, it seems under Howell v. Leavitt, 95 N. Y. 617, the plaintiffs, although they have slumbered upon their rights during an adverse possession of 27 years, were not barred by the statute of limitations."

In Brown v. Doherty, 185 N. Y. 383, 78 N. E. 147, 113 Am. St. Rep. 915, the facts were that the child became of age on December 21, 1889. Adding 20 years would make 1909. The adverse possession began on August 5, 1878. The action was commenced on March 9, 1902; that is, over 23 years after the cause of action accrued, and when the child has reached the age of 32½. Judge Gray said:

"It becomes unnecessary to discuss the question of whether title has been gained by the plaintiff through an adverse possession during the 23 years of her occupation. Upon the authority of Howell v. Leavitt, 95 N. Y. 617, it would hardly appear that the facts of this case bring the defendants, who were infants at the time of the sale, within the provisions of section 375 of the Code of Civil Procedure."

Applying those cases to that at bar, we find that Frederica became of age on August 20, 1881. Twenty years thereafter would accrue on August 20, 1901. The cause of action accrued December 30, 1878, so that giving her until 1901 to commence her action would have made the whole period from the time the cause of action accrued less than 23 years, so that her infancy would have extended the 20-year period of limitation only about 3 years, and so not violated the exception. The action having been brought on February 21, 1899, only seven weeks elapsed over the 20 years, and, of course, the time was far within the ten years allowed.

It seems clear that although it is now the settled law of this state that title by prescription by the elevated railroads may be obtained by adverse possession for twenty years, and that, when that period has been set running in the lifetime of the ancestor, it is not suspended during the infancy of his heirs or devisees, yet that in this case at the time the cause of action accrued, the remaindermen being infants, the

exceptions set forth in section 375 of the Code of Civil Procedure apply, so that, when this action was instituted, title by prescription against said infants had not vested in the defendants. The plaintiff, having purchased at a partition sale these infants' property, took it with the rights of such owners. Papenheim v. Metropolitan El. R. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486.

No question is made upon this appeal of the amounts of the award. Judgment should therefore be affirmed, with costs to the respondent. All concur; LAUGHLIN, J., in result.

LAUGHLIN, J. (concurring). I agree with Mr. Justice CLARKE that the judgment is sustained by Howell v. Leavitt, 95 N. Y. 617, and the decisions following it; but I am not prepared to approve the test which he applies to a given state of facts to determine whether, under the construction placed by that decision on the provisions of section 375 of the Code of Civil Procedure, the statute of limitations has run, and, were the question open, I would hold that the recovery is right as to two-fifths and erroneous as to three-fifths. The plaintiff acquired title to the premises by a referee's deed in partition on the 8th day of June, 1891, prior to which time the title was vested in five children of one John Lang, who died on the 30th day of January, 1875, leaving a last will and testament, under which title became ultimately vested in them as tenants in common. These children had a vested remainder on the 30th day of December, 1878, when the cause of action for the trespass to their easements set forth in the complaint accrued. The youngest of the children became of age on the 18th day of October, 1891, and the second youngest on the 14th day of September, 1889. The action was commenced on the 21st day of February, 1899. It would seem that there is no room to question that under section 375 of the Code of Civil Procedure an infant has at least 10 years after becoming of age to commence an action of this nature, even though that will authorize bringing the action more than 20 years after the cause of action accrues. Therefore, as to the undivided two-fifths interest in the premises, which was vested in the two infants who became of age within 10 years prior to the commencement of the action, the recovery is clearly right, and should be affirmed. The other three infants became of age on the 20th day of August, 1881, the 17th day of July, 1885, and the 30th day of June, 1887, respectively. With respect to the three-fifths interest, representing the interests of these three infants, more than 10 years elapsed after they became of age before the action was commenced, and it was not commenced within 20 years after the cause of action accrued. I am of opinion, therefore, that the statute of limitations should constitute a bar to the recovery; but I recognize that this view is not in accord with the decision in Howell v. Leavitt, supra, and the cases following it. I think, however, that all of the views expressed in the opinion in that case are not consistent, and that the rule understood to have been prescribed thereby is not in accordance with the plain provisions of the statute, but the legal profession and the courts have encountered great difficulty in understanding and applying that

decision. The opinion shows that the decision was made for the purpose of securing to an infant in all cases the benefit of the statute of limitations of 20 years; it apparently having been strenuously contended that the statute should be so construed that an infant, in no event, should have more than 10 years after arriving at his majority, even though this would not give him in all both during infancy and majority the full period to which adults are entitled. The opinion does not show that the court considered any other question, or that a construction which would give the infant in all cases at least 20 years, the same as an adult, and in every case at least 10 years after attaining his majority was even suggested. I am impressed with the conviction that a different construction of section 375 would more certainly carry into effect the intention of the Legislature, and establish a rule which could be more easily understood and more readily applied. The provisions of section 375, so far as material, are as follows:

"The time of such disability is not a part of the time, limited in this title, for commencing the action, or making the entry, or interposing the defense or counterclaim; except that the time so limited cannot be extended more than ten years, after the disability ceases."

The confusion has, I think, arisen over regarding the statute of limitations as wholly suspended during the infancy. That is not what the Legislature has prescribed. By this construction no force or effect is given to the significant word "except," and the words following it, which qualify the phrase that the time of the disability is not a part of the time prescribed in the statute of limitations. It is quite evident, I think, that this section should be construed as if it read as follows: "The time of such disability," namely, the period of infancy after the cause of action has accrued, "is not a part of the time limited in this title," namely, the 20 years for commencing the action, "except that the time so limited," namely, the 20 years "cannot be extended more than ten years after the disability ceases." There is nothing here which would necessitate an abridgment of the full period of 20 years in any case. The Legislature dealt only with the 20-year period and an extension not an abridgment thereof. The intention was that the 20 years should be so extended when necessary to give the infant in all cases 10 years after arriving at the age of 21. The effect of the clause inserting the exception is that the period of disability is not a part of the 20 years, excepting in those cases where, by excluding the period of infancy, the 20 years would be extended to a date more than 10 years subsequent to the infant's attaining his majority, and in such case the period of infancy shall be considered to the extent of limiting the time to 10 years after the infant becomes of age. The statute, in effect, provides that the period of infancy shall not be computed excepting for the purpose of preventing the continuance of the limitation for a period of longer than 10 years after the disability ceases. The word "extended," as here used, does not mean "added to," but it is used synonymously with "continued." It does not contemplate the addition of the period of infancy or of the 10 years to the period prescribed, but, rather, that the 20-year period prescribed shall not be so further extended on account of the infancy as to confer the right

to bring the action for a period longer than 10 years after the infant becomes of age. Realizing that these views are not in accord with the rule apparently prescribed in Howell v. Leavitt, supra, and followed in some subsequent cases, I would not presume to voice them in a majority opinion, but for the reasons stated I feel justified in presenting them in a concurring memorandum in the hope, with which I know many judges and members of the bar are in sympathy, that the Court of Appeals may either reconsider the question, or make the rule intended to be announced in that case more clear, for I think that it is' not so plain or readily understood as a rule on such an important point should be, but, on the contrary, it requires most careful study to grasp it, and then there is room for reasonable doubt as to its application. As I understand the decision in Howell v. Leavitt, supra, the court did not adopt, as the method of determining whether or not the statute has run, the plan suggested in the majority opinion, of starting the statute of limitations at the date the infant attains his majority, and figuring back from the date thus obtained. It seems to me that the effect of the decision is that the statute of limitations is to be applied from the date the cause of action accrues, adding to that date the statutory period of 20 years, applicable alike to infants and to adults, and adding to the date thus obtained, if the infant shall then have attained his majority, and, if not, then adding to the date of his majority, the period of disability after the cause of action accrues to the entire extent of such period, provided it does not result in the addition to the 20 years, assuming the 20 years to expire on or after the majority of the infant, or, as already indicated to the date of his majority if the 20 years expire before his majority, of more than 10 years after the infant attains his majority, and, if the period of disability be more than 10 years, then by adding 10 years only. This evidently means that, if but for the provisions of section 375 of the Code of Civil Procedure herein quoted the statute of limitations would run against an infant before he attains his majority, he is to have, after attaining his majority, an additional period equal to the period of his disability, not exceeding, however, 10 years, within which to bring the action; and that, if the statute applied from the date the cause of action accrues would not run until after he attains his majority, he is entitled to have the period of his disability, not exceeding 10 years, added to the time when the statute would otherwise have run. The practical working of this construction would seem to be that, where a cause of action accrues in favor of an infant one year of age or under, he has 10 years after attaining his majority within which to bring the action, and, if over one year of age, he has 20 years from the time the cause of action accrues and the period of his disability in addition thereto, not, however, exceeding 10 years in any case. It would seem that a more just, plain, and practical construction would be that all infants should have the full benefit of the 20-year period after the cause of action accrues, the same as an adult, and of such additional period as may be necessary to give them in all cases 10 years after attaining their majority, and no longer. If, however, the Howell Case is to be deemed the settled construction, I think that the rule therein intended to be prescribed should be made so plain and clear that one would not be obliged to

study and weigh it before being able to properly apply it. Although we are all agreed in the case at bar that that decision requires an affirmance, we differ as to the method of applying the rule to a given case to such an extent that on other facts we arrive at different results.