William W. Serra, J.
This is an application for summary judgment. The action upon which the motion is brought is for a determination of a claim to real property under article 15 of the Real Property Actions and Proceedings Law. The action is brought upon a verified complaint of the plaintiffs herein. The answer denies the plaintiffs’ claim to title and plaintiffs’ rights, use, occupancy, possession in and to the property, upon information and belief, being upon attorney’s verification. The affidavits set forth by the plaintiffs are not answered by the defendant who rests on the pleadings to frame issues as a matter of law. The answer sets up an affirmative defense of title as hereinafter discussed.
The plaintiffs claim that their title is derived in the following manner. In the will of William A. Graham admitted to probate April 14, 1914, it is provided after the usual opening and debt clause as follows:
“ second: — I give, devise and bequeath all of my real and personal property of every name and nature to my wife Rena M. Graham, with full power and authority to sell and convey to same, and to expend the proceeds in such manner as she shall deem most conducive to the comfort and support of herself and her children.
“ third: I hereby nominate and appoint my said wife Rena M. Graham to be the testamentary guardian of our said children, with full power to execute and perform all of the duties connected with their welfare that are allowed or required by law.
‘1 fourth : It is my desire that whatever there may remain of my said estate that is not disposed of by my said wife at the time of her decease, shall be equally divided between my children share alike.
‘ ‘ lastly, I hereby appoint my said wife Rena M. Graham to be the sole executrix of this my last will and testament without being required to execute any bonds, execut — of this, my last Will and Testament: hereby revoking all former wills by me made.”
*300 Thereafter the widow and ¡beneficiary, Rena M. Graham, by will dated June 8, 1981 and admitted to probate July 1, 1932, bequeathed $50 to her grandson, Robert Graham who is recited to have been 10 years old when the will was executed and left the residuary in the following terms: “ third: Unto my daughter, Estelle Graham Wallace and unto my son, Fred L. Graham, share and share alike. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, of whatsoever nature and wheresoever situate, which I may own or have the right to dispose of at the time of my decease.”
It is urged by the plaintiffs that the language of the will of William A. Graham establishes an outright gift of the real estate to his wife, Rena M. Graham and that the conditions are precatory only and that, therefore, the will of Rena M. Graham governs in full leaving no issue to be resolved of adverse possession. It is urged by the defendant, on the other hand, that the will of William A. Graham creates a life estate for his wife with a gift over to the children and that Rena M. Graham, therefore, had no power to distribute the real estate to two of her children to the exclusion of the descendant of her third son. The matter of the construction of seemingly precatory language has been fully and recently discussed by the Court of Appeals in Matter of Daly (1 N Y 2d 100) and in Spencer v. Childs (1 N Y 2d 103), both cases decided April 19,1956 in which the Court of Appeals came to different conclusions with seemingly precatory language upon the theory that the instrument must be read as a whole and its full intent gleaned from the entire instrument and not by the isolation of wording. There seems no doubt applying this rule that William A. Graham intended that his wife should have the use of his property with a power of invasion but that he intended to provide for the ultimate descent to his children. 'Such an intention may be gleaned from the second, third and fourth paragraphs of the will and each of those paragraphs. I, therefore, must construe this will as devising the property to all of his surviving children after the termination of the life estate of Rena M. Graham with a power of invasion by her.
The examination before trial, a part of the proofs herein, shows that Robert E. Graham, the grandson of William A. Graham and defendant above named, was born March 24, 1921, the son of Frank Graham, who was a brother of Fred and Estelle. The record is not clear but it appears that Frank Graham predeceased his mother, Rena M. Graham. This situation in any event is the most favorable interpretation to the defendant and except upon such fact the defendant’s rights, if he has any in this situation, would have been long since out *301 lawed by the various Statutes of Limitation applicable. (Seallon v. Manhattan Ry. Co., 105 N. Y. 359 [1906]; Muller v. Manhattan Ry. Co., 124 App. Div. 295 [1908], affd. 195 N. Y. 539; Messinger v. Foster, 115 App. Div. 689 [1906].)
The plaintiffs claim title by various instruments in addition to the will of Eena M. Graham. No denials by affidavit are made in this proceeding of these instruments as set forth in the plaintiffs’ affidavit and in the complaint and reply made a part of such affidavit: Deed from Estelle Graham Wallace to Fred Graham dated February 5, 1934, recorded in the Allegany County Clerk’s office in Liber 312 of Deeds at page 52 to her undivided interest in the property; H. B. Sortore, as executor of the last will and testament of Eena M. Graham to Fred L. Graham, dated February 5, 1934, recorded in the Allegany County Clerk’s office April 2, 1935 in Liber 312 of Deeds at page 53; Deed William Jadwin and Jennie Jadwin Hoagland to Fred L. Graham, dated December 5, 1933 and recorded April 2, 1935 in Liber 312 of Deeds at page 51 in the Allegany County Clerk’s office; Deed Eobert Jadwin and Mardion Jadwin Hunt and Estelle Graham Wallace, dated February 5, 1934, recorded April 2, 1935 in Liber 312 of Deeds at page 52 in the Allegany County Clerk’s office, and Deed from Fred L. Graham, plaintiff herein, to Fred L. Graham and Wilhelmena M. Graham, as tenants by the entirety, dated July 3, 1950, recorded in the Allegany County Clerk’s office July 3,1950 in Liber 438 of Deeds at page 278.
Other facts not controverted by opposing affidavits and shown in the plaintiffs’ affidavit and accompanying examination before trial as a part of the affidavit on this motion include the following : 1. Plaintiff Fred L. Graham has been in physical possession of the property since February 5, 1934 and before. 2. Plaintiff Fred L. Graham has continuously operated and used the subject lands as a dairy farm since 1932, maintaining an average of 60 cows during such possession. 3. Plaintiff has kept the farm fenced on all sides at all times during such possession. 4. Plaintiff has made improvements including construction of a three-car garage and workshop costing 'about $2,500, a barn at about $2,500, a milkhouse at about $1,500 and made improvements to the residence in unspecified amounts. 5. Plaintiff Fred L. Graham paid a mortgage placed by his mother on the said farm in the amount of $6,500. 6. Plaintiff Fred L. Graham, has paid the taxes on the said property during his occupancy. 7. Plaintiff Fred L. Graham conveyed a right of way over the property on November 29, 1943 to the Bochester Gas & Electric Corporation by a deed recorded in the Allegany County Clerk’s *302 office. 8. The plaintiff Fred L. Graham by deed dated July 3, 1950 and duly recorded conveyed the property to himself and his wife, the plaintiff, Wilhelmena M. Graham. 9. The defendant had been on the property many times, once or twice a year, according to his examination testimony and knew of the occupation, cultivation and construction, and never had any discussion of the ownership with the plaintiffs until ‘ ‘ this summer ’ ’, although he attained his majority March 24, 1942.
It was pointed out by the Law Revision Commission of the Legislature in the 1949 Report, page 729: “In the cases of ouster by a tenant in common the chief uncertainty is whether the facts show knowledge or notice of the cotenant that the possession is adverse ”. A more obvious case of adverse possession, complying with all the requirements of the definitions of article 5 of the Real Property Actions and Proceedings Law would be difficult to make out. All the classic elements of proof are set forth without opposing affidavit on the motion. (Zapf v. Carter, 70 App. Div. 395, app. dsmd. 176 N. Y. 576; Kennedy v. Smith, 204 App. Div. 628; Cole v. Lester, 48 Misc. 13; Abrams v. Rhoner, 44 Hun 507.) There seems, therefore, no issue to be tried. The only problem to resolve, therefore, is whether the infant disability of the defendant .serves to extend the statute until his majority and then for 10 years of presumed tenancy in common and 15 years more of adverse possession after the end of the presumption, or until 1967 in this case.
It has long been held that the adverse possession is a question of fact, and when the elements of such possession are spelled out, it begins to exist, even as to an infant. An infant, however, has his time extended by his disability for the bringing of an action but the disability shall not add more than 10 years to the time limited after the disability has ended. (Wanser v. De Nyse, 192 N. Y. 537; Howell v. Leavitt, 95 N. Y. 617; Darrow v. Calkins, 154 N. Y. 503.) The question of whether this period was changed by the addition of section 41-a of the Civil Practice Act in 1949 (now Real Property Actions and Proceedings Law, § 541) was raised but not determined in Dickson v. Caruso, 31 Misc 2d 1050 [1961]). The court there held that adverse possession was established against the tenant in common on common-law grounds and that the section did not apply. It is difficult to say that the section in the absence of an affirmative ouster for the statutory period, would not apply and I cannot dismiss the question against the former infant defendant here without construing section 541 of the Real Property Actions and Proceedings Law. No authority on a construction has been presented or found by the court. It is apparent from the language *303 of the statute and from the Report of the Law Revision Commission it was the intention of the Legislature that even without an ouster, no more than 15 years’ continuous adverse possession (so in 1949, but 10 years under the present law) should be required for adverse possession to be established against a tenant in common. The presumption is not intended to add directly to the limitations already existing but is a presumption of fact limited to run from the beginning of proof of actual continuous occupancy by one tenant in common in the manner described in the section, and to that extent, concurrently with the statutory adverse possession required as to third parties and not consecutively.
The plaintiffs’ possession, therefore, bears all the criteria of claim of ownership, under cultivation, inclosure, use, occupation, with documented claim of title from 1934, and with continuous occupancy to the exclusion of the defendant during the same period. The defendant’s greatest possible extension of time by reason of his disability (Civ. Prac. Act, § 43, now CPLR 208) would have been until March 24, 1952. In each case of the amendment of the applicable laws herein referred to shortening the times involved, the Legislature has deferred the effective date for sufficient time to allow those affected to act, and these amendments may be deemed retroactive, particularly in view of the express statements of the enactments. (Hastings v. Byllesby & Co., 293 N. Y. 413; Gilbert v. Ackerman, 159 N. Y. 118; Parmenter v. State of New York, 135 N. Y. 154; L. 1949, ch. 184, § 2; L. 1962, ch. 312, § 19; L. 1951, ch. 264, § 2; L. 1962, chs. 308-318.) By the limitations on the statutory presumption as to joint tenants, it at most could be construed under section 41-a of the Civil Practice Act to benefit him until 1949, being then a 15-year presumption. All rights of the defendant to oust the plaintiffs from their continuous and adverse 30-year possession have, therefore, long since expired, no triable issues of fact exist, and the plaintiffs should be entitled to summary judgment for the relief demanded in the complaint. The answer and counterclaim should be stricken.